**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**
**LOUIS PEARLMAN, et al.,**
          **Debtor.**
_____/

**SONEET KAPILA, Chapter 11 Trustee**
**for TRANS CONTINENTAL TELEVISION**
**PRODUCTIONS, INC.,**
          **Plaintiff,**

**-vs-**                               **Case No. 6:10-cv-181-Orl-28DAB**

**MTV NETWORKS COMPANY, a division**
**of Viacom International, Inc.,**
          **Defendant.**
_____/

## ORDER

This cause is before the Court on the Motion to Dismiss the Second Amended Complaint (Doc. 13) filed by Defendant, Viacom Inc. Plaintiff, Soneet Kapila, the Chapter 11 Trustee for Trans Continental Television Productions, Inc., has filed a Memorandum of Law in Opposition (Doc. 30) thereto, and the matter is now ripe for adjudication. After consideration of the matter, the Court finds that the motion must be granted.

### I. Background[1]

This case is an adversary proceeding in the jointly-administered bankruptcy estates of Louis J. Pearlman and Trans Continental Television Productions, Inc. ("Trans

---

[1] The facts taken from the Second Amended Complaint are assumed to be true for the purpose of deciding this motion under Federal Rule of Civil Procedure 12(b)(6).

Continental").² On August 11, 2008, Soneet Kapila, as trustee of the bankruptcy estate of Trans Continental, brought suit against MTV Networks ("MTVN")—an unincorporated division of Viacom International, Inc. ("VII")—alleging breach of contract and seeking an equitable accounting. (Ex. 2 to Doc. 6; B.R. 1)³. Trans Continental filed a ten-count Amended Complaint on June 3, 2009. (Ex. 19 to Doc. 8; Ex. 1 to B.R. 58). On January 26, 2010, Trans Continental filed a thirteen-count Second Amended Complaint ("SAC") adding three new defendants: Viacom Inc., the parent corporation of VII; Bad Boy Films, Inc.; and Bad Boy Entertainment, Inc. (the "Bad Boy Defendants"). (Ex. 18 to Doc. 11; B.R. 102).

The dispute centers around the television show *Making the Band* ("*MTB*"), a reality-based show wherein young men compete to become members of a new "boy band." Pearlman and MTVN collaborated to create *MTB*, which premiered on ABC's network television station in late 1999. (SAC ¶¶ 2, 24). In the SAC, Trans Continental alleges that MTVN has "misappropriate[d] Trans Continental's interest in the on-going hit television franchise." (Id. ¶ 1). On January 7, 2000, Trans Continental and MTVN entered into a Joint Venture Agreement ("JVA"), memorializing the terms of a prior agreement "in connection with the development and production of an untitled Boy Band series for ABC (the 'Series'), and the creation of a joint venture to develop an all male pop band (the 'Band')." (JVA, Ex. A to

---

²On March 3, 2010, this Court withdrew the reference of this action upon motion of Trans Continental. (Order, Doc. 4).

³Citations to this Court's record in Case No. 10-cv-181 are denoted by "Doc." followed by the location in the docket. For the sake of clarity, the Court also provides, where applicable, parallel citations to the bankruptcy court's record, indicated by "B.R." followed by the number of the document. Unless otherwise indicated, the "B.R." references are to the record in 6:08-ap-157-ABB rather than the main bankruptcy case.

SAC). The JVA sets forth a distribution plan for revenue generated from *MTB*. (See id. at 1-3). Additionally, the JVA states that the "parties shall jointly exploit any features, spin-offs, sequels, made-for-TV movies, direct to video, non-theatrical, radio[,] or other projects based on the Series or the band, subject to good faith negotiation." (Id. at 3). The JVA concludes by stating that the "parties intend to enter into a more formal joint-venture agreement, the terms of which shall be subject to good faith negotiations . . . . Until such time as such formal agreement is executed, this letter shall remain binding upon the parties." (Id.).

*MTB* enjoyed two successful seasons on ABC and was scheduled to begin a third season before MTVN's parent corporation—Viacom Inc.—objected, presumably because Viacom Inc. owned and operated CBS, a rival network. (SAC ¶¶ 41-42). Because of this objection, MTVN negotiated an amendment to the JVA with Trans Continental on November 15, 2001 (the "Amended JVA"), permitting the show to be aired on MTV, a television station owned and operated by MTVN. (SAC ¶¶ 42-45; Amended JVA, Ex. B to SAC). The third season of *MTB* aired in January 2002 and was the last season portraying the trials and tribulations of the original band, "O-Town." Sometime thereafter, MTVN commenced negotiations "with hip-hop star, Sean Combs *p/k/a* P. Diddy *f/k/a* Puff Daddy" (hereinafter, "Diddy") about replacing Trans Continental in the production of the second iteration, *Making the Band II* (*"MTB II"*). (SAC ¶¶ 53-54). These negotiations allegedly culminated with Diddy and his corporation, Bad Boy Films, signing an agreement with MTVN on July 12, 2002 wherein Diddy and the Bad Boy Defendants received the rights to the *MTB* series. (Id. ¶ 54).

In connection with MTVN's decision to replace Trans Continental with Diddy and the Bad Boy Defendants, Trans Continental has filed this suit alleging thirteen counts against Viacom Inc., VII, and the Bad Boy Defendants. Regarding Viacom,Inc., Trans Continental asserts two tort claims—conversion (Count X) and unjust enrichment (Count XI)—and a statutory claim—unfair competition under the Lanham Act (Count XII).[4] Viacom Inc. has now moved to dismiss the claims against it, arguing, among other things, that Trans Continental has not pleaded facts sufficient to hold Viacom Inc. liable for the alleged acts of VII and MTVN. (Doc. 13 at 10-11).

## II. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents

---

[4]The SAC originally alleged five counts against Viacom Inc. However, pursuant to Trans Continental's stipulation, the Court has dismissed two counts insofar as they applied to Viacom Inc.—a claim seeking declaratory relief as to the copyright of *MTB* (Count IV) and a demand for an accounting pursuant to 17 U.S.C. § 101 (Count VII). (Doc. 35).

central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

In its motion to dismiss, Viacom Inc. contends that Trans Continental has not alleged any acts by Viacom Inc. itself that are sufficient to state a cause of action against Viacom Inc. as opposed to its subsidiary, VII. Specifically, Viacom Inc. argues that Trans Continental has not alleged any "facts suggesting that Viacom Inc., as the parent company, should be held vicariously liable for the acts of its subsidiary, VII." (Doc. 13 at 8). In response, Trans Continental states that Viacom Inc.'s "argument is irrelevant" because the claims against Viacom, Inc. are "not dependent on alter-ego theories or 'piercing the corporate veil' allegations." (Doc. 30 at 3). Instead, Trans Continental contends that the SAC "alleges direct involvement by Viacom[, Inc.]" (Id.).

The Court finds that Trans Continental has not sufficiently alleged in the SAC that Viacom, Inc. directly participated in any wrongful conduct sufficient to survive the motion to dismiss. Despite the assertion that the SAC alleges Viacom Inc.'s direct involvement, Trans Continental does not identify any of these acts of direct involvement by Viacom, Inc., and the Court is unable to ascertain any. Additionally, because of Trans Continental's confusing use of the collective term "Viacom" to refer to both Viacom Inc. and VII without regard to their distinct corporate identities, (see SAC at 1) the SAC fails to distinguish which acts are being attributed to Viacom Inc. and which to VII and its unincorporated division MTVN. For these reasons, the Court grants Viacom Inc.'s motion to dismiss.

IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Viacom Inc.'s Motion to Dismiss the Second Amended Complaint (Doc. 13) is **GRANTED**. Counts X-XII are **DISMISSED WITHOUT PREJUDICE** insofar as they are brought against Viacom Inc.

2. Trans Continental is hereby granted leave to file a Third Amended Complaint on or before June 11, 2010 if Trans Continental wishes to pursue claims against Viacom Inc.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 27th day of May, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party