# EXHIBIT D-2

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

LOUIS J. PEARLMAN, *et al.*　　　　　　　　Case No. 6:07-bk-00761-ABB
　　　　　　　　　　　　　　　　　　　　　　　Jointly Administered
　　Debtor.　　　　　　　　　　　　　　　　Chapter 11
_____/

SONEET KAPILA, Chapter 11 Trustee
for TRANS CONTINENTAL TELEVISION
PRODUCTIONS, INC.,　　　　　　　　　　　Adv. No.: 6:08-ap-00157-ABB

　　　　　　Plaintiff,

v.

MTV NETWORKS COMPANY,

　　　　　　Defendant.
_____/

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORY REQUESTS

Defendant MTV Networks, a division of Viacom International Inc. ("MTVN"), improperly sued herein as MTV Networks Company, by and through its undersigned counsel, hereby submits its Responses and Objections to Soneet Kapila, Chapter 11 Trustee for Trans Continental Television Productions, Inc.'s ("Plaintiff's") Second Set of Interrogatory Requests.

### GENERAL STATEMENT

MTVN does not intend to disclose information that is privileged or otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege or rule of confidentiality, including, but not limited to, the trade secret privilege, shall be deemed inadvertent, except pursuant to a specific

written agreement covering such information. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall the inadvertent disclosure waive or prejudice MTVN's right to object to the use of any such information during this or any subsequent proceeding.

The responses herein are based on the best information available to MTVN as of this date. Because, among other things, discovery is ongoing, MTVN reserves the right to modify, amend and/or supplement these responses. MTVN's response to any of these Interrogatories shall not constitute an admission by it that the information is properly discoverable, or admissible at trial, and shall not constitute a waiver of any objection that might otherwise be made to the disclosure of such information.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.  MTVN objects to the Instructions and Definitions as set forth in Plaintiff's Second Set of Interrogatory Requests to the extent that they impose obligations upon MTVN other than those authorized by the Federal Rules of Civil Procedure, including, but not limited to, Rules 26(b), 26(e) and 33, and the Federal Rules of Bankruptcy Procedure, including, but not limited to, Rules 7026 and 7033.

2.  MTVN objects to the Instructions and Definitions set forth in Plaintiff's Second Set of Interrogatory Requests to the extent that they require MTVN to produce information that is protected by the attorney-client privilege, work product doctrine, or any other privilege or rule of confidentiality.

3.  MTVN objects to the Instructions and Definitions set forth in Plaintiff's Second Set of Interrogatory Requests to the extent that they do not specify any relevant time period. To

this end, MTVN will consider the relevant time period to be from January 1, 2000 through the present.

## RESPONSES AND OBJECTIONS TO INDIVIDUAL INTERROGATORIES

### INTERROGATORY NO. 23

Identify with specificity, and on a season-by-season basis, the per episode production cost of *Making the Band 2*.

### RESPONSE TO INTERROGATORY NO. 23

MTVN objects to this interrogatory as burdensome and seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Pursuant to Paragraph 9 of the Amended Agreement, "with respect to the third season [of Making the Band 1] and all subsequent seasons of the Series, MTV shall pay to TC an all-in amount equal to 50% of 100% of the MTV's Net Proceeds derived from the Series and defined as set forth in Schedule A." In turn, Schedule A of the Amended Agreement defines "Net Proceeds" in a particularized manner, specifying that only certain revenues, expenses and deduction are to be included in the calculation of Net Proceeds. The Net Proceeds definition does not entail accounting for production costs on a season-by-season basis or a per-episode basis. Furthermore, pursuant to Schedule A of the Amended Agreement, Net Proceeds, if any, are to be accounted for on a "semi-annual basis." Therefore, this interrogatory, which requests MTVN to identify "on a season-by-season basis, the per episode production cost" is irrelevant to the Amended Agreement, unduly burdensome and not representative of the parties' intent behind the contract. Pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy 7026, MTVN reserves the right to supplement this response if necessary.

## INTERROGATORY NO. 24

Identify with specificity, and on a season-by-season basis, the per episode production cost of *Making the Band 3*.

## RESPONSE TO INTERROGATORY NO. 24

MTVN objects to this interrogatory as burdensome and seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Pursuant to Paragraph 9 of the Amended Agreement, "with respect to the third season [of Making the Band 1] and all subsequent seasons of the Series, MTV shall pay to TC an all-in amount equal to 50% of 100% of the MTV's Net Proceeds derived from the Series and defined as set forth in Schedule A." In turn, Schedule A of the Amended Agreement defines "Net Proceeds" in a particularized manner, specifying that only certain revenues, expenses and deduction are to be included in the calculation of Net Proceeds. The Net Proceeds definition does not entail accounting for production costs on a season-by-season basis or a per-episode basis. Furthermore, pursuant to Schedule A of the Amended Agreement, Net Proceeds, if any, are to be accounted for on a "semi-annual basis." Therefore, this interrogatory, which requests MTVN to identify "on a season-by-season basis, the per episode production cost" is irrelevant to the Amended Agreement, unduly burdensome and not representative of the parties' intent behind the contract. Pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy 7026, MTVN reserves the right to supplement this response if necessary.

## INTERROGATORY NO. 25

Identify with specificity, and on a season-by-season basis, the per episode production cost of *Making the Band 4*.

## RESPONSE TO INTERROGATORY NO. 25

MTVN objects to this interrogatory as burdensome and seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Pursuant to Paragraph 9 of the Amended Agreement, "with respect to the third season [of Making the Band 1] and all subsequent seasons of the Series, MTV shall pay to TC an all-in amount equal to 50% of 100% of the MTV's Net Proceeds derived from the Series and defined as set forth in Schedule A." In turn, Schedule A of the Amended Agreement defines "Net Proceeds" in a particularized manner, specifying that only certain revenues, expenses and deduction are to be included in the calculation of Net Proceeds. The Net Proceeds definition does not entail accounting for production costs on a season-by-season basis or a per-episode basis. Furthermore, pursuant to Schedule A of the Amended Agreement, Net Proceeds, if any, are to be accounted for on a "semi-annual basis." Therefore, this interrogatory, which requests MTVN to identify "on a season-by-season basis, the per episode production cost" is irrelevant to the Amended Agreement, unduly burdensome and not representative of the parties' intent behind the contract. Pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy 7026, MTVN reserves the right to supplement this response if necessary.

Dated: This 15th day of December 2008.    Respectfully submitted,

**K&L GATES LLP**
*Attorneys for Defendant*
Wachovia Financial Center
200 S. Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Tel: (305) 539-3300
Fax: (305) 358-7095

By: /s/ Karen Finesilver
Karen P. Finesilver
FL Bar No. 031352
karen.finesilver@klgates.com
Carol C. Lumpkin
FL Bar No. 797448
carol.lumpkin@klgates.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December 2008, a true and correct copy of the foregoing was served via United States Mail to **James G. Sammataro**, counsel for Plaintiff, Silverman Cosgrove & Sammataro, 2 S. Biscayne Blvd., Suite 2650, Miami, FL 33131.

/s/ Karen Finesilver
KAREN P. FINESILVER

MTV NETWORKS, INC.

By /s/ Bradley Hazzard

Bradley Hazzard
(print)

Vice President, Administration MTV Books
(title)

STATE OF New York )
                  ) ss:
COUNTY OF New York )

The foregoing Responses to these Interrogatories were acknowledged before me this 15th day of December, 2008, by Bradley Hazzard, who is personally known to me or produced identification and, after being sworn, averred that he/she is duly authorized to execute the foregoing Responses and then subscribed to the foregoing.

NOTARY PUBLIC, STATE OF NY

ANGELA HICKSON
NOTARY PUBLIC STATE OF NEW YORK
QUALIFIED IN NEW YORK COUNTY
LIC. #01HI6180961
TERM EXPIRES JANUARY 22, 2012

10

MTV NETWORKS, INC.

By _Jacquelyn French_
_JACQUELYN FRENCH_
(print)

_VP SERIES_
(title)

STATE OF New York  )
                   ) ss:
COUNTY OF New York )

The foregoing Responses to these Interrogatories were acknowledged before me this 15th day of December, 2008, by Jacquelyn French, who is personally known to me or produced identification and, after being sworn, averred that he/she is duly authorized to execute the foregoing Responses and then subscribed to the foregoing.

NOTARY PUBLIC, STATE OF New York

ANGELA HICKSON
NOTARY PUBLIC STATE OF NEW YORK
QUALIFIED IN NEW YORK COUNTY
LIC. #01HI6180961
TERM EXPIRES JANUARY 22, 2012

28