# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:
LOUIS PEARLMAN, et al.,
                Debtor
_____/

SONEET KAPILA, Chapter 11 Trustee for
TRANS CONTINENTAL TELEVISION
PRODUCTIONS, INC.,

                Plaintiff,

-vs-                              Case No. 6:10-cv-181-Orl-28DAB

MTV NETWORKS, a division of Viacom,
International, Inc.; VIACOM, INC.;
VIACOM INTERNATIONAL, INC.; BAD
BOY FILMS, INC.; and BAD BOY
RECORDS, LLC;

                Defendant.
_____/

## AMENDED ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | TRANS CONTINENTAL TELEVISION PRODUCTION, INC.'S UNOPPOSED MOTION FOR PERMISSION TO FILE CERTAIN EXHIBITS TO ITS MEMORANDUM OF LAW IN OPPOSITION TO BAD BOY FILMS, INC. AND BAD BOY RECORDS, LLC'S MOTION TO DISMISS UNDER SEAL (Doc. No. 105) |
| **FILED:** | August 5, 2010 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Soneet Kapila, Chapter 11 Trustee for the bankruptcy estate of Trans Continental Television Productions, Inc., seeks to file under seal certain exhibits to Trans Continental's Memorandum of Law in Opposition to Bad Boy Films, Inc. and Bad Boy Records, LLC's Motion to Dismiss because such exhibits were designated "Confidential" or "Confidential – Attorneys' Eyes Only" by Defendant MTV Networks in accordance with the terms of the parties' Confidentiality Agreement.

Judge Antoon previously granted Trans Continental leave to file under seal seven exhibits consisting of MTV Network documents, which were relevant to Trans Continental's opposition to Bad Boy's Motion to Dismiss Trans Continental's Second Amended Complaint. Doc. 80. Trans Continental then filed a Third Amended Complaint which mooted the Motion to Dismiss (Doc. 88), and Bad Boy filed a Motion to Dismiss the Third Amended Complaint which Plaintiff argues "relies on the same arguments it previously raised." Doc. 105 at 3. Trans Continental argues that it seeks leave to file MTV Network documents under seal (1) to avoid a breach of the parties' Confidentiality Agreement; and (2) to ensure that "the Court has all of the information it needs in order to fully evaluate Trans Continental's Opposition Memorandum."

> Local Rule 1.09, governing filings under seal, requires:
>
> (a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

Middle District of Florida Local Rule 1.09(a).

Trans Continental argues there are two categories of documents warranting filing under seal. The first category consists of contracts entered into between MTV (and affiliates) and Bad Boy relating to the television series, *Making the Band*, and musical acts that spawned from the show. These include nine agreements dated from 2002 to 2008 relating to the TV series and the resulting recording contracts with three entities. Trans Continental argues they relate to the statute of limitations defense "as they evidence the continuing nature of Bad Boy's tortious conduct." Doc. 105 at 7.

The second category of documents relates to MTV's payments and communications to Trans Continental in September 2005 and June 2006 in connection with the first season of *Making the Band* that featured Sean Combs. Trans Continental argues that these documents "effectively rebut Bad Boy's factual and improper statute of limitations defense as they establish that Trans Continental's tortious interference claims did not accrue until sometime after these payments." Doc. 105 at 7. Trans Continental argues that the documents are "proprietary and confidential" and MTV has incentive to protect the amounts it paid to Sean Combs because filing the documents in the public docket could greatly affect MTV's on-going negotiations with third parties. Trans Continental also argues that the Court has a "justifiable interest in upholding the sanctity[1] of the Confidentiality Agreement." Doc. 105 at 8. Trans Continental contends that it "has no other means but to move this Court to seal the documents" because of the Confidentiality Agreement's terms and the proprietary and confidential nature of the documents.

---

[1] Clearly a misuse of the word sanctity, which is defined as "the quality of being holy."

Judge Antoon's previous ruling allowing seven documents to be filed under seal is not a blanket order that all documents marked "Confidential" in this case automatically warrant filing under seal. Judge Antoon's standard Case Management and Scheduling Order reads:

> **Confidentiality Agreements** – The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." *See also* "Motions to File Under Seal" below.
>
> * * *
>
> **Motions to File Under Seal** – Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. *Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09.*

The documents proposed for filing under seal in this case do not bear any evident characteristics that would support their being filed under seal. The materials sought to be filed under seal consist of 2002 to 2008 contracts, payments, and communications between parties to the contracts. There has been no showing that such information is entitled to protection from the normal use of business information in litigation.

Receiving, using and referring to material under seal creates a significant burden on the Court, the Clerk's office and the parties. In addition, the public interest in the open adjudication of disputes disfavors filings under seal absent a compelling showing of necessity. The parties have not made that showing here, and Trans Continental's acquiescence in the "confidential" designation does not assist in that regard.

Trans Continental may file the material in the public record, prepare an alternative version of the material for filing, or forego the filing altogether. Trans Continental is **ORDERED** to make any such filing within 7 days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on August 17, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record