# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

LOUIS J. PEARLMAN, *et al*

Debtor.

Case No. 6:07-bk-00761-ABB
Jointly Administered
Chapter 11

_____/

SONEET KAPILA, Chapter 11 Trustee
for TRANS CONTINENTAL TELEVISION
PRODUCTIONS, INC.,

Adv. No.: 6:08-ap-00157-ABB

Plaintiff,

v.

MTV NETWORKS COMPANY,

Defendant.

_____/

## CONFIDENTIALITY AGREEMENT

Plaintiff Soneet Kapila, Chapter 11 Trustee for Trans Continental Television Productions, Inc. ("Trans Continental") and Defendant MTV Networks, a division of Viacom International Inc. ("MTVN") (collectively, the "parties"), by and through their respective undersigned counsel, hereby jointly and voluntarily enter into this Confidentiality Agreement.

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to the above-styled lawsuit (the "Lawsuit"), which relate to the parties' non-public, confidential, proprietary, or commercially sensitive information; and

WHEREAS, it is anticipated that the pleadings, papers, and discovery in this matter may include references to documents or information regarded as confidential by the producing party; and

WHEREAS, the parties have agreed to protect the confidential and proprietary nature of their respective documents and information.

NOW, THEREFORE, the parties, through their respective undersigned counsel, stipulate and agree as follows:

1. All documents and information produced by the parties in this Lawsuit shall be used by any party receiving them solely for the purposes of preparing for and conducting the above-captioned Lawsuit, including any appeals therefrom, and not for any purpose whatsoever.

2. The terms "Confidential Information" and "Attorneys' Eyes Only" shall mean any information, document or thing so designated by any party to this Lawsuit or any third party producing information, documents or things in this Lawsuit, including (without limitation) documents, information contained in documents or other media (including any form of optical or magnetic storage media), and information revealed during a deposition, in response to a subpoena, or in an interrogatory answer or an admission.

3. The parties and third parties shall designate as "Confidential Information" only information which is a trade secret, confidential business information, proprietary, or has previously been maintained as sensitive, non-public business and/or personal information. The parties and third parties shall designate as "Attorneys' Eyes Only" only information of such a sensitive nature that a party reasonably fears competitive injury resulting from disclosure of the information to any other party.

4.

   (a) Written information or documents, or any portion thereof, shall be designated as "Confidential Information" by placing on each page a stamp or notice stating "CONFIDENTIAL" in a manner that will not interfere with the legibility of the written information. Written information or documents, or any portion thereof, shall be designated as "Attorneys' Eyes Only" by placing on each

page a stamp or notice stating "ATTORNEYS' EYES ONLY" in a manner that will not interfere with the legibility of the written information.

(b) Interrogatory responses containing "Confidential Information" or "Attorneys' Eyes Only" information shall be set forth on separate pages from interrogatory responses which do not contain such information and all pages of interrogatory responses containing "Confidential Information" or "Attorneys' Eyes Only" shall be produced in a separate package from interrogatory responses which do not contain such information.

(c) Documents produced, filed, or served by a party and designated "Confidential Information" or "Attorneys' Eyes Only" shall be so marked by such party prior to or at the time they are produced, filed, or served. Documents produced by a third party as to which a "Confidential Information" or "Attorneys' Eyes Only" designation is claimed by any person shall be so designated within ten days after they are produced, and shall be treated as "Attorneys' Eyes Only" during the intervening time.

5. Information disclosed at a deposition may be designated as "Confidential Information" or "Attorneys' Eyes Only" by a statement on the record that the testimony, or part of the testimony, is "Confidential Information" or "Attorneys' Eyes Only" and subject to the provisions of this Confidentiality Agreement. In addition, the transcript of such a deposition and all information exchanged in such a deposition shall be considered "Attorneys' Eyes Only" for a period of ten days after receipt of the deposition transcript. During those ten days, any party may designate any additional portion or the entire transcript as "Confidential Information" or "Attorneys' Eyes Only" and all other persons given notice of the designation shall treat the information accordingly.

6.

(a) Documents and/or information designated as "Confidential Information" shall be used only for purposes of this Lawsuit and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

(i) outside legal counsel for the parties involved in this Lawsuit and such legal counsels' staff;

(ii) the parties and such officers, directors, employees, testifying and non-testifying expert witnesses, or consultants of the parties, as may be necessary to provide assistance in this Lawsuit;

(a) with respect to any documents and/or information designated as "Confidential Information" that are disclosed, given, shown, made available or communicated in any way to Plaintiff Soneet Kapila (the "Trustee"), his staff and/or any professionals employed by Kapila & Company, CPA's, which are assisting the Trustee in this Lawsuit (the "Trustee's Professionals") the following conditions apply: (1) the Trustee and the Trustee's Professionals shall first agree in writing to be bound by all of the terms of this Confidentiality Agreement by executing the Acknowledgment attached hereto as Exhibit "A"; and (2) the Trustee and the Trustee's Professionals shall not disclose, give, show, make available or communicate in any way the Confidential Information to any individual or entity, including, but not limited to, Debtor Louis J. Pearlman (and any of his employees, agents, representatives or other persons acting, or purporting to act, on his behalf, excepting the Trustee and the Trustee's Professionals).

- 4 -

(b) with respect to any documents and/or information designated as "Confidential Information" that are disclosed, given, shown, made available or communicated in any way to Trans Continental Television Productions, Inc. and any of its organizational units, subsidiaries or affiliates, and any of such entities' directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on their behalf ("Trans Continental"), the following conditions apply: (1) Trans Continental shall first agree in writing to be bound by all the terms of this Confidentiality Agreement by executing the Acknowledgement attached hereto as Exhibit "A"; and (2) Trans Continental shall not disclose, give, show, make available or communicate in any way the Confidential Information to any individual or entity. For purposes of this paragraph, Trans Continental includes, but is not limited to, the following: Greg McDonald, Jeffrey Kranzdorf, Esq. and Kim Dawson.

(iii) the Court and court personnel in the manner provided in paragraphs 8 and 9 below;

(iv) employees of third-party contractors engaged by outside legal counsel and involved solely in one or more aspects of organization, copying, filing, coding, converting, storing, or retrieving data or designing programs for handling data in connection with this Lawsuit, including providing computerized litigation support;

(v) any other person to whom the designating party agrees in writing; and

(vi) stenographic and court reporters transcribing or recording testimony relating to the Lawsuit.

-5-

(b) Documents and/or information designated as "Attorneys' Eyes Only" shall be used only for purposes of this Lawsuit and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

(i) outside legal counsel for the parties involved in this Lawsuit and such legal counsels' staff;

(ii) independent expert witnesses, but only as set forth in paragraph 6(d) below;

(iii) the Court and court personnel in the manner provided in paragraphs 8 and 9 below;

(iv) employees of third-party contractors engaged by outside legal counsel and involved solely in one or more aspects of organization, copying, filing, coding, converting, storing, or retrieving data or designing programs for handling data in connection with this Lawsuit, including providing computerized litigation support;

(v) any other person to whom the designating party agrees in writing; and

(vi) stenographic and court reporters transcribing or recording testimony relating to the Lawsuit.

(c) Only outside counsel of record in this Lawsuit may authorize the access to or disclosure of any documents or information designated as "Confidential Information" or "Attorneys' Eyes Only" to any person authorized to have access to such information pursuant to paragraphs 6(a) or (b) above, and each such person to whom any such information is disclosed or made available shall first agree in writing to be bound by all of the terms of this Confidentiality Agreement by executing the Acknowledgment attached hereto as Exhibit "A." Outside counsel of record for the parties shall maintain the executed Acknowledgments until sixty (60) days after the conclusion of this Lawsuit.

-6-

(d) Information or documents designated as "Attorneys' Eyes Only" may be disclosed to outside, independent, testifying and non-testifying experts retained for purposes of this Lawsuit on the following conditions:

(i) Such an expert shall have no present or known future status as a director, officer, partner, shareholder, employee, consultant, or contractor of either party or its parents, subsidiaries, affiliates, predecessors, or successors, nor have any other form of financial interest in, or contractual relationship with, the foregoing (excepting only a customary fee in remuneration of time spent and expenses incurred acting in his or her role as an expert in this Lawsuit).

(ii) Such an expert shall be subject to all other provisions of this Confidentiality Agreement, including, but not limited to the requirements that "Attorneys' Eyes Only" be used only for purposes of this Lawsuit, that the expert execute a confidentiality agreement as provided in paragraph 6(c) above, and that all documents and information designated "Attorneys' Eyes Only" be returned or disposed of pursuant to paragraph 11 below.

(iii) each party who discloses any documents and/or information designated "Attorneys' Eyes Only" to an expert pursuant to this paragraph 6(d) shall keep the original confidentiality agreements described in paragraph 6(c) above along with a list of the "Attorneys' Eyes Only" document and/or information of another party provided to each recipient of such information. Each such list shall be in sufficient detail to recreate exactly the information provided. At the conclusion of this case, each original confidentiality agreement and each such list shall be turned over to the party

whose "Attorneys' Eyes Only" information and/or documents were provided to an expert pursuant to this paragraph 6(d).

(e) The obligations set forth herein extend to, but is not limited to, copies, summaries, extracts, paraphrases and notes made by any person to whom such documents designated as "Confidential Information" or "Attorneys' Eyes Only" are disclosed pursuant to this Confidentiality Agreement.

7. To the extent that any "Confidential Information" or "Attorneys' Eyes Only" documents and/or information are produced without being designated as such, that disclosure shall be deemed an inadvertent disclosure. Upon the request of any party for proper designation of an improperly designated or non-designated document, all copies of the document shall be marked with the proper designation and the document shall be retrieved by outside counsel from any person who would not have been allowed access to the document if it had been properly designated.

8. If a party wishes to file any documents and/or information designated "Confidential Information" or "Attorneys' Eyes Only" with the Court, it shall do everything necessary to ensure that such information is impounded, kept under seal, and unavailable to the public. All "Confidential Information" or "Attorneys' Eyes Only" documents and/or information filed with the Court shall be filed in sealed envelopes or containers affixed with the following statement:

CONFIDENTIAL

This envelope (or container) contains documents, materials, or other things that are impounded until further order of the Court. The contents of this envelope (or container) shall not be displayed or revealed except by Order of the Court.

If a document or thing produced cannot conveniently be marked as required by this Confidentiality Agreement, the parties shall confer and agree in writing on an appropriate way of marking or otherwise identifying as "Confidential Information" or "Attorneys' Eyes Only" such document or thing. The party filing the "Confidential Information" or "Attorneys' Eyes Only" documents and/or

information shall notify the Clerk that what has been filed should be accorded the treatment required by this Confidentiality Agreement.

9. Within sixty (60) days after the conclusion of this Lawsuit, including all appeals, any "Confidential Information" and/ or "Attorneys' Eyes Only" documents and/or information, including copies and originals (except documents in the files of the Court, and except for documents retained in counsel's files, which will continue to be subject to the provisions of this Confidentiality Agreement, and which were filed in Court, or marked as exhibits at depositions, at trial, or in affidavits, or which contain work product) shall, at the election of the party who designated the documents and/or information "Confidential Information" or "Attorneys' Eyes Only" be certified as destroyed, or returned to the designating party at the designating party's expense.

10. Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any "Confidential Information" or "Attorneys' Eyes Only" documents and/or information shall relieve any person from the obligation of maintaining the confidentiality of such information and/or documents.

11. Nothing in this Confidentiality Agreement shall prohibit the use of, or reference to, any "Confidential Information" or "Attorneys' Eyes Only" documents and/or information in Court or at trial; provided, however, that the party using or planning to use such documents and/or information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure. Such steps shall include bringing to the Court's attention the intention to disclose "Confidential Information" or "Attorneys' Eyes Only" documents and/or information in open court and requesting the assistance of the Court in limiting disclosure. Prior to trial of the Lawsuit, counsel for the parties shall attempt to reach agreement on the handling of

"Confidential Information" or "Attorneys' Eyes Only" documents and/or information at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

12. Nothing in this Confidentiality Agreement shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of "Confidential Information" or "Attorneys' Eyes Only" documents and/or information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any Confidential Information or "Attorneys' Eyes Only" except as allowed by paragraph 6 above.

13.

    (a) No party concedes that any document or information designated "Confidential Information" or "Attorneys' Eyes Only" by any other person does in fact contain or reflect confidential, sensitive, or proprietary business or personal information, or has been properly designated "Confidential Information" or "Attorneys' Eyes Only".

    (b) A party shall not be obligated to challenge the propriety of the designation of documents or information as "Confidential Information" or "Attorneys' Eyes Only" at the time such designation is made, or at any other time, and failure to do so shall not preclude a subsequent challenge thereof.

    (c) Any party may move for a ruling that a document or category of documents designated as "Confidential Information" or "Attorneys' Eyes Only" is not entitled to such status and protection, but the document or category of documents shall be treated as so designated until such time as the designating party may agree otherwise, or as the Court may otherwise order. The party who designated the document or category of documents as "Confidential Information" or

"Attorneys' Eyes Only" shall bear the burden of showing that the designation is warranted. Such a motion may be filed ten days after a party serves a written request for modification upon the party who made the designation.

(d) Nothing in this Confidentiality Agreement shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

14. The parties to this Confidentiality Agreement, and any individuals/entities that execute Exhibit "A," understand and agree that money damages would not be an adequate remedy for any breach or threatened breach of this Confidentiality Agreement and that any of the parties shall be entitled to seek immediate injunctive relief or other equitable remedies for any such breach or threatened breach. Such remedies shall not be deemed to be the exclusive remedy for any breach or threatened breach of this Confidentiality Agreement, but shall be in addition to other remedies available, whether in law or in equity, including actual damages from such breach or threatened breach. Further, the prevailing party in any action brought as a result of a breach or threatened breach of this Confidentiality Agreement shall be entitled to all enforcement costs, including attorney's fees and costs that are incurred by such a party, and the collection of damages resulting from the breach or threatened breach of this Confidentiality Agreement.

15. The parties hereto agree that this Confidentiality Agreement may be filed with the Court in connection with any action to enforce its terms and/or to seek relief from any breach or threatened breach of its terms.

16. The parties agree that this Confidentiality Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument.

17. This Confidentiality Agreement does not abrogate or diminish any contractual, statutory or other legal obligation or right of any party with respect to any information the party deems to be confidential. Each party acknowledges that the other party may have in place binding agreements that restrict disclosure of certain information or documents. The parties agree that this Confidentiality Agreement does not alter, supersede, waive, or otherwise compromise such agreements.

18. The provisions of this Agreement shall remain in effect after the conclusion of the Lawsuit.

19. This Confidentiality Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida.

20. This Confidentiality Agreement sets forth the entire agreement between the parties hereto regarding the protection of non-public, confidential, proprietary, or commercially sensitive information and, and fully supersedes any and all prior agreements or understandings, both written and oral, among the parties pertaining to the subject matter hereof. This Confidentiality Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all parties. This Confidentiality Agreement may be executed by counterparts. The language of all parts of this Confidentiality Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any one of the parties.

| SILVERMAN COSGROVE & SAMMATARO | K&L GATES LLP |
|---|---|
| Attorneys for the Plaintiff, Soneet Kapila, Chapter 11 Trustee for Trans Continental Television Productions, Inc., | Attorneys for the Defendant, MTV Networks, a division of Viacom International Inc. |
| One Biscayne Tower | Wachovia Financial Center |
| 2 South Biscayne Boulevard, Suite 2650 | 200 S. Biscayne Boulevard, Suite 3900 |
| Miami, FL 33131 | Miami, FL 33131 |
| Telephone: (305) 377-1666 | Phone: (305) 539-3300 |

| | |
|---|---|
| Facsimile: (305) 377-1664<br>jsammataro@scs-legal.com<br><br>By: *[signature]*<br>James G. Sammataro, Esq.<br>Florida Bar No. 0520292<br><br>Date: December 11, 2008 | Facsimile: (305) 358-7095<br>carol.lumpkin@klgates.com<br><br>By: *[signature]*<br>Carol C. Lumpkin, Esq.<br>Florida Bar No. 797448<br><br>Date: 12/12/08 |

- 13 -

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

LOUIS J. PEARLMAN, *et al*　　　　　　　　Case No. 6:07-bk-00761-ABB
　　　　　　　　　　　　　　　　　　　　　　Jointly Administered
　　Debtor.　　　　　　　　　　　　　　　　Chapter 11
_____/

SONEET KAPILA, Chapter 11 Trustee
for TRANS CONTINENTAL TELEVISION
PRODUCTIONS, INC.,　　　　　　　　　　　Adv. No.: 6:08-ap-00157-ABB

　　　　Plaintiff,

　　v.

MTV NETWORKS COMPANY,

　　　　Defendant.
_____/

## EXHIBIT A

The undersigned has reviewed the foregoing Confidentiality Agreement dated December ____, 2008, understands its contents, and agrees to be personally bound and to comply with its terms and conditions.

　　Dated: This ___ day of _____, 200___.

　　Name:_____
　　　　　　(Print or Type)

　　Signature:_____

\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\{Client Files/43/43-1/00003064.DOC}