**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**
**LOUIS PEARLMAN, et al.,**
              **Debtor**
_____/

**SONEET KAPILA, Chapter 11 Trustee**
**for TRANS CONTINENTAL TELEVISION**
**PRODUCTIONS, INC.,**

              **Plaintiff,**

**-vs-**                                     **Case No.  6:10-cv-181-Orl-28DAB**

**MTV NETWORKS, a division of Viacom,**
**International, Inc.; VIACOM, INC.;**
**VIACOM INTERNATIONAL, INC.; BAD**
**BOY FILMS, INC.; and BAD BOY**
**RECORDS, LLC;**

              **Defendant.**
_____/

# ORDER

This cause is before the Court on the Motion to Dismiss the Third Amended Complaint (Doc. 98) filed by Defendants Bad Boy Films, Inc. and Bad Boy Records, LLC (collectively "Bad Boy") and the Motion to Strike the Jury Trial Demand (Doc. 101) filed by Defendants MTV Networks ("MTVN"), Viacom,Inc. ("Viacom"), and Viacom International, Inc. ("Viacom International"). Plaintiff, Soneet Kapila, the Chapter 11 Trustee for Trans Continental Television Productions, Inc., ("Plaintiff") filed a response to the Motion to Dismiss (Doc. 106) and the Motion to Strike the Jury Trial Demand (Doc. 107). These matters are now ripe for adjudication, and for the reasons set forth below, both motions must be denied.

I. The Motion to Dismiss

*A. Legal Standard*

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

*B. Discussion*

Bad Boy, seeks dismissal of Count XIII, in which Plaintiff asserts that Bad Boy tortiously interfered with Trans Continental Television Productions, Inc.'s contractual and business relationships. Under Florida law, this is a single claim because the prima facie showing for intentional interference with contractual relationships and intentional interference with business relationships are, in substance, the same. See Johnson Enterprises of Jacksonville, Inc. v. FPL Group, 162 F.3d 1290, 1321 (11th Cir. 1998) ("Under Florida law, the elements of a cause of action for tortious interference with a contractual relationship are:(1) The existence of a contract, (2) The defendant's knowledge of the contract, (3) The

defendant's intentional procurement of the contract's breach, (4) Absence of any justification or privilege, [and] (5) Damages resulting from the breach."); Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 814 (Fla. 1994) ("The elements of tortious interference with a business relationship are (1) the existence of a business relationship ... (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.") (internal quotations omitted). On the other hand, under New York law, these are two separate claims. See Carvel Corporation v. Noonan, 818 N.E.2d 1100, 1103 (N.Y. 2004) ("Where there has been no breach of an existing contract, but only interference with prospective contract rights... plaintiff must show more culpable conduct on the part of the defendant."); Joan Hansen & Co. v. Everlast World's Boxing Headquarters Corp., 744 N.Y.S.2d 384, 391 (N.Y. App. Div. 1st Dep't 2002) ("The tort of intentional interference with contractual relations is comprised of four elements: 1) the existence of a contract, enforceable by the plaintiff, 2) the defendant's knolwedge of the existence of that contract, 3) the intentional procurement by the defendant of the breach of the contract, and 4) resultant damages to the plaintiff. In the absence of a contract ...this cause of action is unavailing.") (citations omitted);NBT v. Bancorp, Inc. v. Fleet/Norstar Financial Grp. Inc., 628 N.Y.S.2d 408, 410 (N.Y. App. Div. 3d Dep't 1995) (stating that an essential element of tortious interference with prospective business relations is that "defendants engaged in the use of wrongful or unlawful means to secure a competitive advantage over plaintiffs, or that defendants acted for the sole purpose of inflicting intentional harm on plaintiffs").

Bad Boy argues that New York's substantive law should apply; Plaintiff argues that a conflict-of-laws decision is inappropriate at this stage in the litigation, but if the Court must decide the issue, Florida law should apply. Plaintiff's intentional interference with contractual relations claim survives under either state's law, but its interference with business relations claim would likely fail under New York law. Therefore, a conflict-of-laws analysis is necessary to determine whether the claim should be dismissed.

"A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state." Grupo Televisa, S.A., v. Telemundo Commc'ns Grp., 485 F.3d 1233, 1240 (11th Cir. 2007). Therefore, the Court must apply Florida's law to determine which state's substantive law controls. Florida has adopted the "most significant relationship test" set forth in the Restatement (Second) of Conflict of Laws. Bishop v Fla. Specialty Paint Co., 389 So. 2d 999, 1001 (Fla. 1980). Under this test, the court must take into account "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Id.; Restatement (Second) of Conflict of Laws § 145(2).

Each factor must "be evaluated according to [its] relative importance with respect to the particular issue." Restatement (Second) of Conflict of laws, § 145. Depending on the type of claim, one factor may carry more weight than the others. See id. cmt. e. Factor (b), the place where the conduct occurred, is particularly important "when the primary purpose of the tort rule involved is to deter or punish misconduct," and it "may be the single most important contact in cases involving misappropriation of trade values." Id. cmts. e, f. The tort of

intentional interference with business relations is "clearly conduct-regulating" and, for conflict-of-laws purposes at least, is a misappropriation of trade values. Grupo Televisa, 485 F.3d at 1241-42. Thus, the place where the conduct causing injury occurred is extremely important and perhaps decisive in this case.

The record, however, is insufficient to determine where the injury-causing conduct occurred. Accordingly, the Court cannot properly conduct a conflict-of-laws analysis and cannot, at this time, determine which state's substantive law applies. Calixto v. BASF Constr. Chems., LLC., No. 07-60077-CIV, 2008 WL 2490454 , at *4 (S.D. Fla. June 19, 2008) ("[W]ithout the benefit of a record as to the facts of how and where Defendants tort[i]ously interfered with Plaintiff's contract, the Court cannot make a determination as to the substantive law that will be applied to Plaintiff's claims."). Therefore, Bad Boy's Motion to Dismiss must be denied and the issue deferred until the record is more complete.

## II. Motion to Strike the Jury Trial Demand

Defendants MTVN, Viacom, Viacom International, and Bad Boy all assert that Plaintiff's demand for a jury trial should be denied because Plaintiff waived the right to a jury trial under Federal Rule of Civil Procedure 38(d).[1] Plaintiff argues that there was no waiver, but even if there was, Plaintiff requests that the Court exercise its discretion under Federal Rule of Civil Procedure 39(b) and authorize a jury trial on all issues in this case. The Court

---

[1] MTVN, Viacom, and Viacom International raise this argument in the Motion to Strike the Jury Trial Demand; Bad Boy does so in its Motion to Dismiss.

finds that, while the Plaintiff may have waived the right to a jury trial for some claims, [2] under Rule 39(b) a jury trial should be granted for all issues so triable.[3]

Rule 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." In the Eleventh Circuit, "the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.' " Parrot v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983) (quoting Swofford v. B & W, Inc., 336 F.2d 406, 408 (5th Cir. 1964)); Sullivan v. Sch. Bd., 773 F.2d 1182, 1188 (11th Cir.1985). Although district courts have broad discretion in applying Rule 39(b), the Eleventh Circuit has provided five factors to consider when doing so: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." Parrot, 707 F.2d at 1267.

After considering these factors, the Court finds that there is no compelling reason to deny Plaintiff's request for a jury trial. This case involves many interrelated, fact-intensive issues which are best determined by a jury. Additionally, the court's schedule is unlikely to

---

[2]The Court makes no determination as to whether the Plaintiff did, in fact, waive the right to a jury trial, as it is unnecessary in light of the decision to grant Plaintiff's request under Rule 39(b).

[3]There appears to be some dispute over which claims are entitled to a jury trial, but the Court will defer that analysis until a more appropriate time.

be disrupted, and the defendants are unlikely to be prejudiced, because the proposed trial date for this case is more than a year in the future. Further, the unique procedural posture of this case indicates that the length of delay in Plaintiff's request is excusable. This case commenced in Bankruptcy Court where jury trials are extremely rare, and as soon as Plaintiff sought to withdraw the reference, it simultaneously asserted a right to a jury trial. The nature of the claims in this case also significantly changed between the filing of the initial Complaint and the Second Amended Complaint in which Plaintiff first asserted the right to a jury trial. Accordingly, the Court finds that Plaintiff's request for a jury trial under Rule 39(b) should be granted for all claims so triable.

### III. Conclusion

In accordance with the foregoing, Bad Boy's Motion to Dismiss the Third Amended Complaint (Doc. 98) is hereby **DENIED** in all respects. Additionally, Defendants MTVN, Viacom and Viacom International's Motion to Strike the Jury Trial Demand (Doc. 101) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 27th day of August, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party