
# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In re:**
**LOUIS PEARLMAN, et al.,**

                **Debtor**
_____/

**SONEET KAPILA, Chapter 11 Trustee
for TRANS CONTINENTAL TELEVISION
PRODUCTIONS, INC.,**

                **Plaintiff,**

**-vs-**                                                    **Case No. 6:10-cv-181-Orl-28DAB**

**MTV NETWORKS, a division of Viacom,
International, Inc.; VIACOM, INC.;
VIACOM INTERNATIONAL, INC.; BAD
BOY FILMS, INC.; and BAD BOY
RECORDS, LLC;**

                **Defendant.**
_____/

# ORDER

This cause is before the Court on the Motion to Dismiss the Third Amended Complaint (Doc. 97) filed by Defendant Viacom, Inc. ("Viacom"). Plaintiff, Soneet Kapila, the Chapter 11 Trustee for Trans Continental Television Productions, Inc. ("Plaintiff"), filed a response (Doc. 103) and the matter is now ripe for adjudication. Upon review of the Third Amended Complaint (Doc. 87), and the documents attached thereto, and accepting the facts alleged as true as required at this stage, the Court finds that Plaintiff has provided sufficient factual detail to state claims for relief and the motion must be denied.

I. Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

II. Discussion

*A. State Law Claims*

Defendant argues that three of Plaintiff's state law claims should be dismissed: Count IX–conversion, Count X–unjust enrichment, and Count XII–aiding and abetting or inducing breach of fiduciary duty. Both Viacom and Plaintiff cite New York and Florida law to support their arguments, but neither addresses which state's law applies. Additionally, the record at this point contains insufficient factual detail to conduct a choice of law inquiry. However, such an inquiry is unnecessary because under either New York or Florida law, Plaintiff has alleged facts sufficient to state a claim for all three causes of action.

*B. Count XI–Unfair Competition Under § 43(a) of the Lanham Act*

In Count XI, Plaintiff asserts a claim for unfair competition under § 43(a) of the Lanham Act. "To establish a prima facie case under [§ 43(a) of the Lanham Act,] a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it 'such that consumers were likely to confuse the two.' " Custom Mfg. & Eng'g, Inc., v. Midway Servs., Inc., 508 F.3d 641, 647-48 (11th Cir. 2007) (quoting Lone Star Steakhouse & Saloon, Inc., v. Longhorn Steaks, Inc., 106 F.3d 355, 358 (11th Cir. 1997)). Although Viacom asserts that Plaintiff must also specifically allege how it was "harmed by the defendant's false designation of origin," no Eleventh Circuit authority is cited for such a proposition. (Doc. 97 at 21-22). Thus, Plaintiff's general assertion of harm is adequate, and Plaintiff has sufficiently alleged facts that state a claim for unfair competition under § 43(a) of the Lanham Act.

*C. Statute of Limitations and Laches*

Viacom argues that Counts IX, X, XI and XII are barred by the applicable statute of limitations or laches. However, it is not clear from the pleadings when each claim accrued, and therefore dismissal based on the statute of limitations or laches at this stage is inappropriate.

### III. Conclusion

In accordance with the foregoing, Viacom's Motion to Dismiss the Third Amended Complaint (Doc. 97) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 27th day of August, 2010.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party