**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In re:

LOUIS J. PEARLMAN, et al.,

      Debtors.
_____/

SONEET R. KAPILA, Chapter 11
Trustee for TRANS CONTINENTAL
TELEVISION PRODUCTIONS, INC.,

      Plaintiff,

v.

MTV NETWORKS, a division of Viacom
International, Inc., et al.,

      Defendants.
_____/

Case No. 6:10-cv-181-JA-DAB

**DEFENDANT BAD BOY FILMS, INC.'S ANSWER
AND DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Bad Boy Films, Inc. ("BBF"), by and through its undersigned counsel, hereby answers the Third Amended Complaint, dated June 14, 2010 ("TAC"), filed by the Chapter 11 Trustee Soneet Kapila for Trans Continental Television Productions, Inc. ("Plaintiff" or "TC").

BBF objects to Plaintiff's definition of the "Series" and "Making the Band." The definition, which seeks to include all twelve seasons of the show known as *Making the Band*, renders many of the allegations in the TAC incomprehensible. BBF denies all allegations to the extent they use the term "Series" or "Making the Band," as defined by Plaintiff. BBF also objects to the TAC headings to the extent that they are intended to

constitute allegations in connection with the claims purportedly alleged therein. To the extent any allegation in the TAC constitutes an opinion, no response is required.

BBF denies each and every allegation not specifically admitted in this answer and states to each correspondingly numbered paragraph of the TAC as follows:

1. BBF denies the allegations in paragraph 1 of the TAC.

2. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the TAC and therefore denies them.

3. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the TAC and therefore denies them.

4. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the TAC and therefore denies them.

5. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the TAC and therefore denies them.

6. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the TAC and therefore denies them. BBF denies any characterization of the e-mail referenced in paragraph 6 and states that the e-mail speaks for itself.

7. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the TAC and therefore denies them.

8. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the TAC and therefore denies them.

9. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the TAC and therefore denies them.

10. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the TAC and therefore denies them.

11. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the TAC and therefore denies them.

12. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the TAC and therefore denies them.

## JURISDICTION AND VENUE

13. Because the allegation in paragraph 13 of the TAC constitutes a legal conclusion, no response is required.  To the extent any response is required, BBF denies the allegations in paragraph 13, denies Plaintiff's characterization of the Court's March 3, 2010 order, which speaks for itself, and further denies that BBF engaged in any actionable conduct.

14. Because paragraph 14 of the TAC constitutes a legal conclusion, no response is required.  To the extent any response is required, BBF denies the allegations in paragraph 14 and further denies that BBF engaged in any actionable conduct.

15. Because paragraph 15 of the TAC constitutes a legal conclusion, no response is required.  To the extent any response is required, BBF denies the allegations in paragraph 15 and further denies that BBF engaged in any actionable conduct.

16. Because paragraph 16 of the TAC constitutes a legal conclusion, no response is required.  To the extent any response is required, BBF denies the allegations in this paragraph.

## PARTIES

17. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the TAC, except admits based solely on the submissions of Plaintiff's counsel, that Soneet Kapila is the Chapter 11 Trustee for Plaintiff.

18. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the TAC. To the extent that the allegations in paragraph 18 constitute legal conclusions, no response is required.

19. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the TAC. To the extent that the allegations in paragraph 19 constitute legal conclusions, no response is required.

20. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the TAC. To the extent that the allegations in paragraph 20 constitute legal conclusions, no response is required.

21. BBF denies the allegations in paragraph 21 of the TAC, except admits that it is a New York corporation.

22. BBF denies the allegations in paragraph 22 of the TAC.

## FACTUAL BACKGROUND

23. BBF admits the allegations in paragraph 23 of the TAC based solely on the court docket.

24. BBF admits the allegations in paragraph 24 of the TAC based solely on the court docket.

25. BBF admits the allegations in paragraph 25 of the TAC based solely on the court docket.

26. BBF admits the allegations in paragraph 26 of the TAC based solely on the court docket.

27. BBF admits the allegations in paragraph 27 of the TAC based solely on the court docket.

28. BBF admits the allegations in paragraph 28 of the TAC based solely on the court docket.

29. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the TAC and therefore denies them.

30. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the TAC and therefore denies them.

31. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the TAC and therefore denies them.

32. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the TAC and therefore denies them.

33. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the TAC and therefore denies them.  To the extent that the allegations in paragraph 33 constitute a legal conclusion or characterize Exhibit 1 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit.

34. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the TAC and therefore denies them.  To the

extent that the allegations in paragraph 34 constitute a legal conclusion or characterize Exhibit 1 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit.

35. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the TAC and therefore denies them. To the extent that the allegations in paragraph 35 constitute a legal conclusion or characterize Exhibit 1 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit.

36. BBF denies the allegations in paragraph 36 of the TAC. To the extent that the allegations in paragraph 36 constitute a legal conclusion or characterize Exhibit 1 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit.

37. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the TAC and therefore denies them. To the extent that the allegations in paragraph 37 constitute legal conclusions or either quote from or characterize Exhibit 1 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit.

38. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the TAC and therefore denies them. To the extent that the allegations in paragraph 38 either quote from or characterize Exhibit 1 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit.

39. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the TAC and therefore denies them. To the

extent that the allegations in paragraph 39 either quote from or characterize Exhibit 1 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit.

40. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the TAC and therefore denies them.

41. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the TAC and therefore denies them.

42. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the TAC and therefore denies them.

43. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the TAC and therefore denies them.

44. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the TAC and therefore denies them.

45. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the TAC and therefore denies them.

46. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the TAC and therefore denies them.

47. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the TAC and therefore denies them.

48. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the TAC and therefore denies them.  To the extent that the allegations in paragraph 48 constitute a legal conclusion or either quote from or characterize Exhibit 1 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit.

49. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the TAC and therefore denies them.

50. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the TAC and therefore denies them.

51. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the TAC and therefore denies them.  To the extent that the allegations in paragraph 51 either quote from or characterize Exhibits 1 or 2 to the TAC, no response is required, and BBF respectfully refers the Court to those exhibits.

52. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the TAC and therefore denies them.  To the extent that the allegations in paragraph 52 either quote from or characterize Exhibit 2 to the TAC, no response is required and BBF respectfully refers the Court to that exhibit.

53. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the TAC and therefore denies them.  To the extent that the allegations in paragraph 53 constitute a legal conclusion or either quote from or characterize Exhibit 2 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit.

54. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the TAC and therefore denies them.  To the extent that the allegations in paragraph 54 either quote from or characterize Exhibits 1 or 2 to the TAC, no response is required, and BBF respectfully refers the Court to those exhibits.

55. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the TAC and therefore denies them.

56. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the TAC and therefore denies them.

57. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the TAC and therefore denies them.

58. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the TAC and therefore denies them, and further denies that BBF engaged in any actionable conduct.

59. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the TAC and therefore denies them, except admits to the existence of an agreement between MTV Networks, a Division of Viacom International Inc. and Bad Boy Films, Inc., dated July 12, 2002 ("MTV/Bad Boy Films Agreement"). BBF denies engaging in any actionable conduct, to the extent any is expressly or impliedly alleged in paragraph 59 against BBF, and respectfully refers the Court to the MTV/Bad Boy Films Agreement.

60. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the TAC and therefore denies them, except denies the second sentence of paragraph 60. BBF denies engaging in any actionable conduct. BBF respectfully refers the Court to the MTV/Bad Boy Films Agreement.

61. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the TAC and therefore denies them, except BBF denies the allegations in the last sentence of paragraph 61 and admits that MTV

Networks entered into recording agreements with certain artists, which agreements were later assigned by Remote Productions, Inc. to Bad Boy Records.

62. BBF denies the allegations in paragraph 62 of the TAC, except that BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 62 and therefore denies them.

63. BBF denies the allegations in paragraph 63 of the TAC.

## COUNTS I THROUGH XII

64. In response to paragraph 64 of the TAC, BBF realleges and incorporates its response to paragraphs 1 through 63 as if fully set forth herein.

65. As Counts I through XII of the TAC, and paragraphs 64 through 194 therein, are neither alleged against BBF, nor incorporated by reference in Count XIII, no response is required to these purported claims. To the extent any of the allegations constitute legal conclusions, no response is required. To the extent any of the allegations either quote from or characterize an exhibit to the TAC or any agreements, court filings or other documents, no response is required, and BBF respectfully refers the Court to those agreements, court filings, exhibits or other documents. Because the prayers for relief alleged in the unnumbered WHEREFORE paragraphs can neither be accepted nor denied, no response is required. To the extent a response is required to the prayers for relief, BBF denies those prayers for relief. Notwithstanding the foregoing, BBF otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 64 through 194 and therefore denies them.

**COUNT XIII**

66. In response to paragraph 195 of the TAC, BBF realleges and incorporates its responses to paragraphs 1 through 63 as if fully set forth herein.

67. BBF lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 196 of the TAC, respectfully refers the Court to any writings referred to therein, and BBF denies engaging in any actionable conduct. To the extent the allegations in paragraph 196 constitute legal conclusions, no response is required.

68. BBF lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 197 of the TAC, respectfully refers the Court to any writings referred to therein, and BBF denies engaging in any actionable conduct. To the extent the allegations in paragraph 197 constitute legal conclusions, no response is required.

69. BBF lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 198 of the TAC, except admits Sean Combs was being considered for a role in a show to be aired by MTV Networks. BBF respectfully refers the Court to any writings referred to therein, and BBF denies engaging in any actionable conduct. To the extent the allegations in paragraph 198 constitute legal conclusions, no response is required.

70. BBF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the TAC and therefore denies them, except admits contacts between or among MTV Networks, Peter Safran and Phil Robinson regarding Sean Combs' participation in a show to be aired by MTV Networks. BBF respectfully refers the Court to any writings referred to therein, and BBF denies

engaging in any actionable conduct. To the extent the allegations in paragraph 199 constitute legal conclusions, no response is required.

71. BBF denies the allegations in paragraph 200 of the TAC. To the extent the allegations in paragraph 200 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.

72. BBF denies the allegations in paragraph 201 of the TAC. To the extent the allegations in paragraph 201 constitute legal conclusions, no response is required. To the extent that the allegations in paragraph 201 either quote from or characterize Exhibit 10 to the TAC, no response is required, and BBF respectfully refers the Court to that exhibit. BBF further denies engaging in any actionable conduct.

73. BBF denies the allegations in paragraph 202 of the TAC. To the extent the allegations in paragraph 202 constitute legal conclusions, no response is required. To the extent that the allegations in paragraph 202 either quote from or characterize Exhibits 11, 12 and 13 to the TAC, no response is required, and BBF respectfully refers the Court to those exhibits. BBF further denies engaging in any actionable conduct.

74. BBF denies the allegations in paragraph 203 of the TAC.

75. BBF denies the allegations in paragraph 204 of the TAC. To the extent that the allegations in paragraph 204 quote from the MTV Networks/Bad Films Agreement, no response is required, and BBF respectfully refers the Court to that agreement. BBF further denies that Plaintiff accurately quotes that agreement. BBF further denies engaging in any actionable conduct.

76. BBF denies the allegations in paragraph 205 of the TAC. To the extent the allegations in paragraph 205 constitute legal conclusions, no response is required.

To the extent that the allegations in paragraph 205 either quote from or characterize any writings, no response is required, and BBF respectfully refers the Court to those writings. BBF further denies engaging in any actionable conduct.

77. BBF denies the allegations in paragraph 206 of the TAC. To the extent the allegations in paragraph 206 constitute legal conclusions, no response is required. To the extent that the allegations in paragraph 206 either quote from or characterize any writings, no response is required, and BBF respectfully refers the Court to those writings. BBF further denies engaging in any actionable conduct.

78. BBF denies the allegations in paragraph 207 of the TAC. To the extent the allegations in paragraph 207 constitute legal conclusions, no response is required. To the extent that the allegations in paragraph 207 either quote from or characterize any writings, no response is required, and BBF respectfully refers the Court to those writings. BBF further denies engaging in any actionable conduct.

79. BBF denies the allegations in paragraph 208 of the TAC. To the extent the allegations in paragraph 208 constitute legal conclusions, no response is required. To the extent that the allegations in paragraph 208 either quote from or characterize any writings, no response is required, and BBF respectfully refers the Court to those writings. BBF further denies engaging in any actionable conduct.

80. BBF denies the allegations in paragraph 209 of the TAC. To the extent the allegations in paragraph 209 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.

81. BBF denies the allegations in paragraph 210. To the extent the allegations in paragraph 210 constitute legal conclusions, no response is required. To the extent that


the allegations in paragraph 210 either quote from or characterize any writings, no response is required, and BBF respectfully refers the Court to those writings. BBF further denies engaging in any actionable conduct.

82. BBF denies the allegations of paragraph 211 of the TAC. To the extent the allegations in paragraph 211 constitute legal conclusions, no response is required.

83. BBF denies the allegations of paragraph 212 of the TAC. To the extent the allegations in paragraph 212 constitute legal conclusions, no response is required. To the extent that the allegations in paragraph 212 either quote from or characterize any writings, no response is required, and BBF respectfully refers the Court to those writings. BBF further denies engaging in any actionable conduct.

84. BBF denies the allegations in paragraph 213 of the TAC. To the extent the allegations in paragraph 213 constitute legal conclusions, no response is required. To the extent that the allegations in paragraph 213 either quote from or characterize any writings, no response is required, and BBF respectfully refers the Court to those writings. BBF further denies engaging in any actionable conduct.

85. BBF denies the allegations in paragraph 214 of the TAC. To the extent the allegations in paragraph 214 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.

86. BBF denies the allegations in paragraph 215 of the TAC. BBF further denies engaging in any actionable conduct. To the extent the allegations in paragraph 215 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.

87. BBF denies the allegations in paragraph 216 of the TAC.  To the extent the allegations in paragraph 216 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.

88. BBF denies the allegations in paragraph 217 of the TAC, except admits that Pearlman was not Da Band's manager.  To the extent the allegations in paragraph 217 constitute legal conclusions, no response is required.  BBF further denies engaging in any actionable conduct.

89. BBF denies the allegations in paragraph 218 of the TAC.  To the extent the allegations in paragraph 218 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.

90. BBF admits in paragraph 219 of the TAC that Bad Boy Records signed certain artists appearing on the show *Making the Band* and otherwise denies the allegations therein.  BBF respectfully refers the Court to any writings referred to therein. To the extent the allegations in paragraph 219 constitute legal conclusions, no response is required.  BBF further denies engaging in any actionable conduct.

91. BBF denies the allegations in paragraph 220 of the TAC.  To the extent the allegations in paragraph 220 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.

92. BBF denies the allegations in paragraph 221 of the TAC.  To the extent the allegations in paragraph 221 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.  BBF admits that certain artists appearing on *Making the Band* released records from time-to-time.

93. BBF denies the allegations in paragraph 222 of the TAC. To the extent the allegations in paragraph 222 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.

94. BBF denies the allegations in paragraph 223 of the TAC. To the extent the allegations in paragraph 223 constitute legal conclusions, no response is required. BBF further denies engaging in any actionable conduct.

## DEMAND FOR JURY TRIAL

In response to the unnumbered sentence following "Demand for Jury Trial," BBF acknowledges that Plaintiff demands a trial by jury but denies that Plaintiff is so entitled.

## FIRST DEFENSE

Plaintiff's claim against BBF is barred, in whole or in part, by the applicable statute of limitations, as the purported claim against BBF accrued as early as July 2002, or by the doctrine of laches.

## SECOND DEFENSE

Plaintiff is barred from asserting or otherwise pursuing its purported claim against BBF based on Plaintiff's consent, approval or ratification of BBF's purported conduct.

## THIRD DEFENSE

Plaintiff is barred from asserting or otherwise pursuing its purported claim against BBF based on the grounds that it granted a license, both express and implied, to BBF.

### FOURTH DEFENSE

Plaintiff is barred from asserting or otherwise pursuing its purported claim against BBF based on the doctrine of unclean hands.

### FIFTH DEFENSE

Plaintiff's claim against BBF is barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SIXTH DEFENSE

Plaintiff's purported claim against BBF is barred because Plaintiff has suffered no damages as a result of any act or omission by BBF.

### SEVENTH DEFENSE

Plaintiff's claim against BBF is barred by waiver or estoppel.

### EIGHTH DEFENSE

Plaintiff's claim for damages is barred because Plaintiff either failed to mitigate its damages or otherwise contributed to its alleged damages.

### NINTH DEFENSE

The damages suffered by Plaintiff were caused by the acts and conduct of Plaintiff and/or third party intervenors, thereby barring Plaintiff from any recovery from BBF.

### TENTH DEFENSE

Plaintiff's claims are barred to the extent that they are governed by contract.

### ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that they are governed by the contracts between Plaintiff and MTVN, which were either waived, rendered impossible, and/or excused by Plaintiff's conduct.

## **TWELFTH DEFENSE**

Plaintiff is not contractually or statutorily entitled to punitive or exemplary damages.

## **THIRTEENTH DEFENSE**

Plaintiff's claim for damages against BBF is barred to the extent that it seeks a double recovery for the same damages that are recovered against any other defendant.

## **FOURTEENTH DEFENSE**

BBF reserves the right to assert additional defenses or claims, which may become known during the course of discovery.

**WHEREFORE**, BBF requests that the Court issue judgment in its favor, dismiss the TAC in its entirety against BBF, awarding costs and attorney's fees in favor of BBF in defending this action, and grant such other and further relief as this Court deems just and proper.

Dated this 10th day of September, 2010

Respectfully submitted,

By: /s/ Jonathan D. Davis
Jonathan D. Davis, Esq.
(*pro hac vice*)
JONATHAN D. DAVIS, P.C.
99 Park Avenue
Suite 1600
New York, New York 10016
Telephone: (212) 687-5464
Facsimile:  (212) 557-0565
jdd@jddavispc.com

By: /s/ Daniel E. Traver
Daniel E. Traver, Esq.
Florida Bar No. 0585262

GRAY ROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887
daniel.traver@gray-robinson.com

*Co-Counsel for Defendant Bad Boy Films, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2010, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, thereby serving all parties and counsel of record.

**/s/ Daniel E. Traver**
Daniel E. Traver