# EXHIBIT E

Donna, Sylvia G.

**From:** Finesilver, Karen P.
**Sent:** Friday, December 19, 2008 5:42 PM
**To:** 'James Sammataro'
**Cc:** Lawrence D. Silverman; Lumpkin, Carol; Donna, Sylvia G.
**Subject:** RE: Trans Continental Television Productions v. MTV Networks

James,

This e-mail is to inform you that we have some tentative deposition dates, which will be confirmed by the end of Monday:

Karen Abdul - January 12
Laura Dorson - unavailable until January 29
Jackie French - January 27
Brad Hazzard - January 26 or 27
Virginia Lazalde-McPherson - January 26

Again, these dates are tentative.

Finally, as a reminder, today is my last day in the office before maternity leave.

Have a good weekend,

Karen

---

**From:** James Sammataro [mailto:jsammataro@scs-legal.com]
**Sent:** Friday, December 19, 2008 8:36 AM
**To:** Lumpkin, Carol; Finesilver, Karen P.
**Cc:** Lawrence D. Silverman; James Sammataro
**Subject:** RE: Trans Continental Television Productions v. MTV Networks

Carol -

Thanks for your reply.

I will gladly reciprocate and provide you with the requested deposition dates in February. I am also presently attempting to decipher which individuals (if any), aside from Soneet, that I possess authority to accept service for. I look forward to hearing from you.

Best -

James

**From:** Lumpkin, Carol [mailto:Carol.Lumpkin@klgates.com]
**Sent:** Friday, December 19, 2008 8:31 AM
**To:** James Sammataro; Finesilver, Karen P.

01/27/2009


**Cc:** Lawrence D. Silverman
**Subject:** Re: Trans Continental Television Productions v. MTV Networks

James,

Good morning to you too. Yes, let's definitely congratulate Karen. Thank you for your response As to your assumption, it is incorrect We are cognizant of the discovery deadline and your request for depositions. As Karen's email explained, we are expecting to have January dates for you by the end of the day, and surely by your Monday deadline. Admittedly, my schedule is tighter, but I am trying to accomodate you and your client.

Moreover, I am certain that an 800+ layuoff was not an attempt by my client contact, who was fired himself, to intentionally delay this case. Now, as to dates for our depos--I believe the same deadline applies.
Thanks,
Carol

------------------------
Sent from my BlackBerry Wireless Handheld
Carol C. Lumpkin, Esq.
K&L Gates
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, Fl. 33131
Direct: 305.539.3323
Fax: 305.358.7095
carol.lumpkin@klgates.com

**From:** James Sammataro
**To:** Finesilver, Karen P.; Lumpkin, Carol
**Cc:** Lawrence D. Silverman ; James Sammataro
**Sent:** Fri Dec 19 06:55:08 2008
**Subject:** Trans Continental Television Productions v. MTV Networks

Karen & Carol -

Let me start on a pleasant note.  Karen, congratulations on your pregnancy and I wish you the best of luck on a speedy delivery and the birth of a healthy child.

Now, to the unpleasanties.  What am I to make of your most recent e-mail?  Am I to infer that Carol's "tight" schedule is going to preclude the taking of our depositions during the month of January?  The mere insinuation is troubling.  While I have no doubt that January is a busy month,  I am compelled to comment that we first advised you our intent to take these depositions in October.  I would further note that this case needs to take precedence.  Our entire discovery period is four months long.

Since the filing of this action, MTV has done everything in its power to slow the matter down, and treat it as a traditional case despite it's expedited nature.  Here's the undeniable track record:  MTV enlarged the time to file its complaint; refused our request for an early discovery conference, insisted upon strict compliance with Fed. R. Civ, P. 26; sought an enlargement of the discovery period/trial date; requested a last minute extension of time to produce its already-delayed responsive documents; and postponed the only three depositions (Mrs. Dorson, Mrs. Abdul and MTV's Corporate Representative) which we were able to schedule.  In isolation, each of MTV's requests appears reasonable.  Combined, they reveal it's true intent.

Moreover, as you know, we agreed to postpone the depositions of Mrs. Dorson, Mrs. Abdul and MTV's Corporate Representative as a professional courtesy, and on the express promise that the depositions would be re-scheduled in the month of December *and* that we would be provided definitive dates for the depositions Brad Hazard, Jackie French and Virginia Lazalde-McPherson for early to mid-January.  Karen's e-mail suggests that you no longer intend to honor this promise.  We deserve better.

Truthfully, I'm at a lost.  I can't make you give me dates, and I'm disinclined to simply notice the depositions only to have you file a last minute protective order.  I see no other option but to involve the Court.  While I suspect that the Court will be

01/27/2009

less than pleased to be implicated in issues that should be amicably resolved, I cannot allow this matter to drag on longer. As it is, I'm faced with the prospect of losing 25% of my discovery period. As your own e-mail suggests, there are a number of depositions which need to be taken in this case. Unless we make a good faith coordinated effort, these depositions will never be completed within the already once-extended discovery (which, of course, appears to be MTV's goal).

With that said, I'll wait until the end of the day on Monday (December 22) before filing a motion. This gives you another 4 days to provide me with dates. In the interim, I am imminently available to speak and look forward, if nothing else, to hearing how you suggest that we resolve this matter.

Sincerely,

James

Silverman Cosgrove & Sammataro, LLC
One Biscayne Tower
2 South Biscayne Blvd., Suite 2650
Miami, FL 33131

---

**From:** Finesilver, Karen P. [mailto:Karen.Finesilver@klgates.com]
**Sent:** Thu 12/18/2008 6:48 PM
**To:** James Sammataro
**Cc:** Lawrence D. Silverman; Lumpkin, Carol; Donna, Sylvia G.
**Subject:** FW: Trans Continental Television Productions v. MTV Networks

James,

Following up on the e-mail I just sent to you:

I will be going out on maternity leave and tomorrow is my last day in the office. As such, I will not be able to defend the depositions, and Carol's schedule is already tight for the remainder of this month and in January. And, as previously mentioned, MTVN has given its employees two vacation days that must be taken between December 22 and January 1, which has made finding available witnesses near to impossible.
Therefore, we appreciate your patience as we determine deposition dates.

On a related note, MTVN intends to notice the following individuals for deposition: (1) Greg McDonald; (2) Jeffrey Kranzdorf; (3) Lou Pearlman; (4) Soneet Kapila; and (5) Kim Dawson. To that end, please provide your available dates during the first two weeks in February 2009 and advise whether you will be accepting service on behalf of #1, 4 and 5.

Thank you,

Karen

---

**From:** Finesilver, Karen P.
**Sent:** Thursday, December 18, 2008 6:15 PM
**To:** 'James Sammataro'
**Cc:** Lawrence D. Silverman; Lumpkin, Carol; Donna, Sylvia G.
**Subject:** RE: Trans Continental Television Productions v. MTV Networks

James,

01/27/2009

Thank you for your e-mail. I respond in connection with the issues you raised this morning:

1. Thank you for sending us the copies of the subpoenas.

2. With respect to Request Nos. 8 - 11 and 16 - 18, as we have stated on numerous occasions, the contract speaks for itself and calculations are required on a semi-annual basis only. Please note that we have provided responses to those requests previously in the documents provided in response to the 2007 subpoena and the documents produced last week and for which we have already provided Bates stamps in compliance with the rules. Moreover, if you review the documents, you will find that the participation statements are done on a semi-annual basis. As such, we do not understand why you are perplexed by our objection which simply addresses your inexplicable request for a season-by-season analysis.

3. When you have finished reviewing MTVN's produced documents, please let us know if you need any further information. To the extent that a season-by-season analysis was mentioned, please note that pursuant to Rule 26, MTVN will take the necessary steps to amend its Initial Disclosures to reflect the parties' Agreement.

4. As you know, our company has faced some difficulties regarding the recent layoffs. Surely, your client understands the disruption to the workplace caused by these types of circumstances. As such, it is not "foolish" but instead courteous of you to provide necessary time for our new contact at MTVN to reach out to the witnesses that you are interested in deposing. I also direct you to gawker.com where it specifically says that as part of the business decisions undertaken by our client, remaining employees were given two additional vacation days to be used between December 22 and January 1. (http://gawker.com/5075395/viacom-update-holiday-party-canceled) We intend to have deposition dates for you by the end of business tomorrow.

Regards,

Karen

---

**From:** James Sammataro [mailto:jsammataro@scs-legal.com]
**Sent:** Thursday, December 18, 2008 9:38 AM
**To:** Finesilver, Karen P.; Lumpkin, Carol
**Cc:** Lawrence D. Silverman; James Sammataro
**Subject:** Trans Continental Television Productions v. MTV Networks

Karen -

Thank you for your e-mail. I write in connection with a number of issues:

1. First, attached are scanned copies of Trans Continental's recently-issued Subpoena Duces Tecum (Mail-in Records) issued to Derek Ferguson, Peter Safron and Kenneth Meiselas.

2. Second, we will take a look at the specifically-referenced bates stamped pages to see if this assuages our concerns with respect to the deficient nature of MTV's interrogatory responses. With respect to Request Nos. 8-11, 16-18, I just want to reiterate and confirm that you understand that, given your objection that the requested information is not purportedly calculated on a season-by-season basis (but instead on a semi-annual basis), we are receptive to receiving responses to these Requests in the form that MTV claims that they exist. We're not asking for MTV to re-calculate its numbers, just to swear to whatever numbers MTV has already calculated. In light of this concession, we are perplexed by MTV's continued objection to these

01/27/2009

Requests.

3. On a related point, while I have admittedly not yet completed my review of MTV's documents, I have not come-across the "Summary of Net Proceeds on a season-by-season basis since *Making the Band I*, Season Three," which were promised in MTV's Initial Disclosures. To the extent that they have not already been provided, please forward the "Summaries of Net Proceeds." If they have been provided, I would appreciate it if you could provide a bates-stamp range to me, as these Summaries may further eliminate some of the issues which need to be addressed in our forthcoming Motion to Compel.

4. Lastly – and perhaps foolishly -- I remain waiting for MTV to provide me with deposition dates for, among others, Mrs. Dorson, Mrs. Abdul and MTV's corporate representative availability for deposition. As you will recall, we agreed to postpone the depositions of Ms. Dorson, Abdul and MTV's corporate representative as a matter of professional courtesy and on the express promise that MTV would exercise its best efforts to make these individuals available on the following week (December 22 and December 23). These dates are obviously no longer going to work. To the extent that Ms. Dorson, Abdul and MTV's corporate representative are not going to be produced prior to the New Year, then we need to immediately coordinate a schedule by which they will appear for deposition, on back-to-back days, during the week of January 5, 2009. We also need to schedule deposition dates for Brad Hazard and Jackie French on consecutive days for the week of January 12.

Please let me know when you are available to speak in order to discuss the scheduling of these depositions. Thank you.

James

**From:** Finesilver, Karen P. [mailto:Karen.Finesilver@klgates.com]
**Sent:** Tuesday, December 16, 2008 2:41 PM
**To:** James Sammataro
**Cc:** Lawrence D. Silverman; Lumpkin, Carol
**Subject:** RE: Trans Continental Television Productions v. MTV

James,

In response to your e-mail below:

1. Please find attached MTVN's Supplemental Responses to Plaintiff's First Set of Interrogatories, which identifies specific Bates-stamped pages where MTVN's interrogatory responses can be found.

2. With respect to Interrogatory Nos. 8 - 18 and 20 - 21:
   - With respect to 8 through 11 (gross and net profit on season-by-season basis), MTVN stands by its objections (e.g., not contractually required) and in its Supplemental Responses has referred to specific Bates-stamped pages where the relevant information may be found.
   - With respect to 12 (MTVN's payments to Diddy), MTVN stands by its objections and notes that it has already produced MTVN's contracts with Diddy, which speak for themselves.
   - With respect to 13 through 15, and 20 (advertising revenue), MTVN stands by its position that advertising revenue is not part of the Net Proceeds formula and further notes that advertising revenue was not even included in the parties' first contract.
   - With respect to 16 through 18 (foreign distribution revenue on season-by-season basis), MTVN stands by

01/27/2009

its objections (e.g., not contractually required) and in its Supplemental Responses has referred to specific Bates-stamped pages where the relevant information may be found.

- With respect to 21 ("musical works"), MTVN stands by its objection and reserves the right to supplement.

Regards,

Karen

---

**From:** James Sammataro [mailto:jsammataro@scs-legal.com]
**Sent:** Friday, December 12, 2008 5:55 PM
**To:** Finesilver, Karen P.; Lumpkin, Carol
**Cc:** James Sammataro; Lawrence D. Silverman
**Subject:** Trans Continental Television Productions v. MTV

Karen –

As always, it was a pleasure speaking with you this afternoon. Based on our discussion, I will hold-back on the filing of our Motion to Compel until 3:00 p.m. on Tuesday afternoon, in order to give MTV:

1. The opportunity to provide us with the specific bates-stamped pages where MTV's interrogatory responses can purportedly be found (as required by Fed. R. Civ. P 33(d) and *LeBlanc v. Unifund CCR Partners, G.P.*, 2007 WL 2446900 (M.D. Fla. 2007); *Morock v. Chautauqua Airlines, Inc.*, 2007 WL 4247767 (M.D. Fla. Dec. 2007); *Border Collie Rescue, Inc.*, 2005 WL 662724 (M.D. Fla. 2005)) – which, in turn, will enable us to verify whether Request Nos. 6-8 can sufficiently be answered by a designation of documents; and

2. Reconsider its objections to Request Nos. 8-18 and 20-21.

As always, please call me with any questions or concerns.

Sincerely –

James

**From:** James Sammataro
**Sent:** Wednesday, December 10, 2008 6:43 PM
**To:** Finesilver, Karen P.; Lumpkin, Carol; Lawrence D. Silverman
**Cc:** James Sammataro
**Subject:** Trans Continental Television Productions v. MTV Networks

Karen –

In response to your response:

1. Any time on Friday between 11:30 and 3:30 will work for me in regards to the required meet and confer.

2. When can I expect to receive some definitive confirmation as to Mrs. Dorson, Mrs. Abdul and

01/27/2009

MTV's corporate representative availability for deposition. We were amenable to granting a brief extension of time as a matter of professional courtesy. These depositions cannot, however, be pushed back until after the New Year – as this will effectively result in a one month delay -- or an amount of time tantamount to 25% of the entire discovery period. If the 22nd and 23rd do not work, then I'll have to insist upon the 29th and 30th. Given that the pertinent individuals are still employed by MTV, there does not appear to be any valid reason as to why their long-noticed depositions cannot proceed. (We first referenced our intent to take these depositions in October).

3. With respect to the "scantiness" of our Initial Disclosures, this is not an attempt to hide witnesses or keep facts from MTV, but instead a reflection of the indisputable reality that few individuals from Trans Continental were involved in this transaction. As Virginia can attest, and as is borne out by the few documents which MTV has relinquished to date, MTV's dealings were with Greg McDonald and Jeffrey Kranzdorf. Truth be told – and, again, as Virginia can verify, Lou Pearlman himself deferred most of the negotiations and off-air responsibilities to Kranzdorf and McDonald. While I have no doubt that you would like to see more names, I cannot make them up. Aside from Kranzdorf and McDonald (and to a lesser extent, Lou), the only other person who may possess knowledge would be Kim Dawson. Kim, however, was effectively an assistant to McDonald and we do not that he possesses any unique knowledge which would necessitate his disclosure under Fed.R.Civ.P. 26(a)(1). Should we learn to the contrary, we will amend other Initial Disclosures accordingly.

We can discuss this points in greater detail on Friday. In the event that you wish to speak earlier, I'm largely available tomorrow.

Thanks –

James


**From:** James Sammataro
**Sent:** Friday, December 05, 2008 5:32 PM
**To:** Finesilver, Karen P.; Lawrence D. Silverman
**Cc:** Lumpkin, Carol; James Sammataro
**Subject:** RE: MTVN/Pearlman: follow up to conference call today

Karen –

Just a couple of points for clarification. Our willingness to grant MTV a week extension to produce its responsive documents is predicated on the following:

1. MTV's willingness to provide us with an update early next week on the employment status of Laura Dorson, Karen Abdul, Virginia Lazalde-McPherson, Brad Hazard, Jackie French;
2. MTV's agreement to assist in the service of any subpoenas for deposition, which may now be required in light of the lay-offs;
3. MTV's efforts to attempt to re-schedule the depositions of Mrs. Dorson, Mrs. Abdul and MTV's corporate representative on the week of December 22 (specifically, the 22nd and 23rd);
4. MTV's attempts to coordinate the depositions of Mr. Hazard, Mrs. French and Mrs. Lazalde-McPherson for consecutive date in mid-January (or sooner); and

01/27/2009

5. Lastly, some concession or off-set on the copying charges due to the cancellation fees that we will be required to eat.

Best –

James

**From:** Finesilver, Karen P. [mailto:Karen.Finesilver@klgates.com]
**Sent:** Friday, December 05, 2008 4:39 PM
**To:** James Sammataro; Lawrence D. Silverman
**Cc:** Lumpkin, Carol
**Subject:** MTVN/Pearlman: follow up to conference call today

James and Lawrence,

Thank you for your time earlier this afternoon. This e-mail is to follow up on three of the issues we discussed today:

1. This e-mail is to confirm that Plaintiff has agreed to allowing MTVN until Friday, December 12, 2008 to produce documents due to yesterday's layoffs at Viacom/MTVN, which included our own in-house counsel on this matter, and that Plaintiff will postpone the three depositions scheduled for December 15 and 16.

2. Please find attached a redline version to your recent version of the Confidentiality Agreement.

3. Please find attached a scanned version of MTVN's Responses and Objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and Things that was timely sent on Wednesday, December 3, 2008.

We look forward to receiving your comments regarding the Confidentiality Agreement.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Karen.Finesilver@klgates.com.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Carol.Lumpkin@klgates.com.

01/27/2009