UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

**LOUIS J. PEARLMAN,** *et al.*

          **Debtor**.                                    /

**SONEET KAPILA, Chapter 11 Trustee for TRANS CONTINENTAL TELEVISION PRODUCTIONS, INC.,**

          **Plaintiff,**

v.

**MTV NETWORKS, a division of Viacom, International, Inc.**

          **Defendant.**                              /

Case No. 6:10-cv-181-Orl-28-DAB

## THE TRUSTEE'S REPLY IN SUPPORT OF HIS MOTION FOR SANCTIONS

The Chapter 11 Trustee for Trans Continental Television Productions, Inc. ("Trustee") submits this reply memorandum in support of his motion for sanctions ("Sanctions Motion").

**A.     MTV Networks' ("MTV") Discovery Abuses Establish Bad Faith.**

It took a spoliation motion to smoke out crucial documents that MTV was obligated to produce more than two and half years ago.[1] While MTV argues that it has now "cured" its discovery misconduct, it ignores the fact that it did so *only* in response to the Sanctions Motion and *after* the close of discovery. Lying at the center of this case is the interpretation and application of two Agreements. Yet, by its sworn account, MTV's did *not* even search for Agreements' drafts and accompanying red-lines (the "Drafts") based on the advice of predecessor counsel ("K&L Gates"). [D.E. 174-17, ¶ 23]. This flagrant violation of the Federal Rules cannot go unchecked. In a case squarely centered on the meaning of the Agreements, MTV made no attempt to collect the Drafts until the end of this case. By itself, this offense

---

[1] MTV was obligated to produce all drafts of the January 7, 2000 Agreement and the November 15, 2001 Amendment ("Agreements") in 2008, in connection with its November 14, 2008 Rule 26 Initial Disclosures, or in response to the Trustee's October 31, 2008 First Request. Indeed, MTV expressly agreed to do so. (**Ex.1**).

warrants the requested evidentiary hearing. Further, having interjected an "an advice of counsel" defense, MTV has waived the privilege, and the Trustee and the Court are entitled to question K&L Gates on the substance and timing of this instruction, which has prejudiced the Trustee's case. *See GAB Business Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987).

The Federal Rules are intended to "make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Yet, through persistent discovery abuses, MTV has undermined the discovery process and created an uneven playing field. MTV suggests that there has been "no harm, no foul," as it was able "to locate a small number of documents," "has now produced those to the Trustee," and has not violated a single court order. [D.E. 174, pp. 2, 4, 11]. In truth: (1) this newly discovered "small number" of documents approximates 20,000 pages; (2) were produced on March 21, 2011; and (3) contain two never-before-disclosed drafts of the Joint Venture Agreement, and five new drafts of the Amended Agreements, as well as other critical documents indisputably responsive to the Trustee's earlier requests. (**Ex. 2**). Further, since the Sanctions Motion, MTV has replaced the entirety of its metadata production – a significant portion of which previously omitted the author field.[2] Lastly, contrary to its repeated suggestion, MTV's production of the aforementioned documents two weeks after the discovery deadline *is* a violation of the Court's Case Management Order.[3]

MTV casts the Trustee's Sanctions Motion as nothing more than an attempt to "win a

---

[2] The sworn statement made by Warren Solow in his newly submitted declaration that MTV failed to produce "all" metadata as a result of a "technical error" is belied by MTV's prior production of ESI with author fields and calls into question the totality of Mr. Solow's declaration.[D.E. 174-17, ¶18]; (**Ex. 3**).

[3] MTV makes much of the fact that a default judgment in the Eleventh Circuit is inappropriate absent the "flagrant disregard and willful disobedience of ***discovery orders***." Yet, this is precisely what occurred here. Taken together with MTV's irreparable violations of its discovery obligations, a default judgment is warranted under Rule 37(b). *See, e.g., Variable-Parameter Fixture Develop. Corp. v. Morpheus Lights, Inc.*, 1996 U.S. Dist. LEXIS 16753, *23-24 (S.D.N.Y. 1996) (default judgment granted under Rule 37 based on production of documents after close of discovery); *Arbor Int'l Foods, LLC v. Reco Sales Corp.*, 2006 U.S. Dist. LEXIS 40048 (N.D. Ga. 2006) (same).

case he cannot prove." [D.E. 174, p. 17]. Yet MTV has secreted the very documents that prove the Trustee's claims that a joint venture exists between MTV and Trans Continental in connection with the series, Making the Band (and not just the band, O-Town, as MTV contends). The systemic nature of MTV's abuses is encapsulated by its treatment of "the Proposal for MTV Productions / Trans Continental Joint Venture" (the "JV Proposal"). Buried on page 37 of MTV's initial 85-page privilege log, this document was described as "attorney's notes reflecting joint venture proposals." (**Ex.4**). When challenged, MTV insisted that the document was protected by the attorney-client privilege, despite an inability to identify either the author or recipient. Eighteen months after its initial claim of privilege, and after countless correspondences, MTV finally turned over the JV Proposal on May 4, 2010, the very first line of which reads: "All Record, *TV* and ancillary *proceeds are split 50%-50%*." However, MTV produced this document with no metadata, rendering it impossible to determine its origin or date. (**Ex.5**). With this document in hand, the Trustee questioned each and every MTV witness on his knowledge of the JV Proposal. Predictably, none could recall the document or identify its author.

Under the threat of a motion to compel ESI, on July 15, 2010 MTV produced the JV Proposal with some metadata fields, which revealed the document date (September 7, 1999). (**Ex.6**). On July 19, 2010, the Trustee deposed Elizabeth Skoler, who testified that MTV never enters into joint ventures in connection with television shows and that she had no recollection of the JV Proposal. [D.E. 159-3, p. 163-164]. On March 31, 2011, when MTV replaced the entirety of its metadata production, the new metadata revealed that the JV Proposal's attributed author was Ms. Skoler. (**Ex.7**). Thus, after the close of discovery, the Trustee learned that MTV endorsed, if not originated, the proposal for a joint venture relating to the Making the Band series − a fact further established by MTV's February 2011 production of a 2002 admission that the

series Making the Band "***shouldn't be pitched as a 'joint venture' with puffy – we already have a joint venture with lou [pearlman] which still applies for mtb II***." [D.E. 159-9].

MTV's discovery stratagem results in trial by ambush, which can only be remedied by a default judgment. It is fundamentally unfair to subject the Trustee to a trial where MTV gets to selectively produce witnesses that lie outside of this Court's subpoena power to testify on the "meaning" of these belatedly produced documents.[4] Equally important, the Trustee has been forced to expend hundreds of thousands of dollars in discovery – which ultimately comes at the creditor's expense – to establish that a joint venture exists, a fact that lies beyond reasonable dispute based on MTV's own documents, which support the requested adverse inference.

**B.      Versions 2-4 of the Amended Agreement Have Been Spoliated**.

MTV congratulates itself for "curing" the alleged spoliation by locating and producing the Drafts *after* the close of discovery. MTV suggests that only seven unremarkable documents are still missing. Setting aside that MTV has admitted that far more than seven documents are no longer in its possession [D.E. 177-2, ¶60-63, 66-68, 83-87, 92-163], among the missing documents are versions 2, 3 and 4 of the Amended Agreement (the "Versions").[5] [D.E. 177-2, ¶¶ 42-50]. The absence of these critical Versions, which would shed light on the meaning of the Amended Agreement's disputed provisions, is inexplicable given the sworn testimony that these documents once existed on MTV's computer system and, therefore, should exist in perpetuity."[6] [D.E. 174-17, ¶ 16; 159-6, p.140-42]. Thus, the only explanation is bad faith destruction.

---

[4] MTV's suggested remedy of reopening discovery is not an option because dispositive motions are due on June 1, 2011, and this remedy would impermissibly force this deadline to be extended, prejudicing the Trustee.

[5] It is important to note that the Amended Agreement has two paragraph 11's, and that all of its pages reflect that they are version 1, except for the signature page which reflects that it is version 4. [D.E. 159-6, p. 226].

[6] Thus, the Court need not decide when MTV's duty to preserve arose because versions 2-4 of the Agreements would persist on MTV's document management system indefinitely. *Id.* Nonetheless, MTV's duty arose in 2000 when it first anticipated this litigation based on its privilege assertions it maintained for three years.

C.  **An Evidentiary Hearing Is Required**.

In addition to questioning K&L Gates on its instruction *not* to collect the Drafts, an evidentiary hearing is mandated because MTV must explain why the Drafts were not collected pursuant to its purported all-encompassing litigation hold protocol. In particular, Mr. Solow testified: "[w]e ***collect comprehensively*** … [and] ***image the entire personal network share*** … and [take the custodian's] ***electronic footprint***, so to speak, ***in its entirety***." [D.E. 159-6, pp. 133-34]. The Trustee's ESI consultant has advised that the just-produced metadata for the Drafts reveals that Ms. Skoler and Ms. Lazalde-McPherson both ostensibly saved the Drafts on an MTV share drive (**Ex.8**), which according to Mr. Solow, means the Drafts automatically should have been preserved and collected in 2008. (**Ex.9**). Therefore, one of two scenarios occurred: (1) MTV collected the Drafts at the beginning of this case pursuant to its protocol, but did not produce them, or (2) MTV's collection methodology systematically failed and did not duplicate certain share drives, calling into question the integrity of the entirety of MTV's production. These discrepancies are serious and require an evidentiary hearing. Finally, the Trustee is entitled to question MTV's present counsel on why it elected to produce over one million pages of documents responsive to the Trustee's initial requests two months before discovery closed; overhauled its privilege log to change the initial date for its work product designations from 2000 to 2002 in response to the Sanctions Motion;[7] and why it took the Sanctions Motion to force MTV to turn over crucial documents and comply with Rule 26. MTV's irreparable out-of-time production and spoliation of crucial documents is extraordinary and warrants the most serious of consequences: a default judgment. Any piecemeal sanction is insufficient and cannot place the Trustee in the position in would have been without MTV's misconduct.[8]

---

[7] The Trustee requests that the Court conduct an *in camera* inspection of the documents.
[8] The Trustee renews his requests for the additional relief as set forth in the Sanctions Motion. [D.E. 159, p. 25].

Dated: April 22, 2011

                                        Respectfully submitted,

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
*Attorneys for plaintiff, Soneet Kapila in his capacity as the federally appointed Chapter 11 Trustee charged with administrating the bankruptcy estate of Trans Continental Television Productions, Inc.*
Four Seasons Tower
1441 Brickell Avenue, Suite 1420
Miami, Florida  33131
Telephone:  (305) 377-1666
Facsimile:   (305) 377-1664
jsammataro@kasowitz.com

By: */s/* James G. Sammataro
    James G. Sammataro
    Florida Bar Number: 0520292
    Courtney Caprio
    Florida Bar No. 0933961

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a notice of the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF to:

**Andrew J. Ehrlich, Esq.**
aehrlich@paulweiss.com
Paul, Weiss, Rifkind, Wharton
& Garrison LLP
*Counsel for MTV Networks, Viacom, Inc and Viacom International, Inc.*
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

**Brian A. McDowell, Esq.**
brian.mcdowell@hklaw.com
Holland & Knight, LLP
*Counsel for MTV Networks, Viacom, Inc and Viacom International, Inc.*
200 South Orange Avenue
Suite 2600
Orlando, Florida 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288

**Jonathan Davis, Esq.**
Jonathan D. Davis, P.C.
*Counsel for Bad Boy Films, Inc. and Bad Boy Records, LLC*
99 Park Avenue, Suite 1600
New York, New York 10016
Telephone: (212) 687-5464
Facsimile: (212) 557-0565

**Daniel E. Traver, Esq.**
Gray Robinson, P.A.
*Counsel for Bad Boy Films, Inc. and Bad Boy Records, LLC*
301 East Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32801
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

By: /s/ James G. Sammataro
     Attorney