## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

_____

**SONEET KAPILA, Chapter 11 Trustee
for TRANS CONTINENTAL
TELEVISION PRODUCTIONS, INC.,**          **Case No.: 6:10-cv-00181-Orl-28-DAB**

                **Plaintiff,**          **MOTION TO SEAL**

**v.**

**MTV NETWORKS COMPANY, a
division of Viacom International, Inc., et
al.**

                **Defendants.**

_____/

### VIACOM DEFENDANTS' UNOPPOSED MOTION FOR
### ORDER TO FILE DOCUMENTS UNDER SEAL AND
### INCORPORATED MEMORANDUM OF LAW

        Defendants MTV Networks, a division of Viacom International Inc. ("MTVN"), Viacom International Inc., and Viacom Inc. (collectively "Viacom Defendants") by and through their undersigned counsel and pursuant to Middle District of Florida District Court Local Rule 1.09, move this Court for entry of an Order allowing the Viacom Defendants to file two (2) exhibits under seal in connection with the Viacom Defendants' Reply Memorandum of Law in Support of Their Motion for Partial Summary Judgment. In support of this motion, the Viacom Defendants state as follows:

        1.      On July 15, 2011, the Viacom Defendants filed a Reply Memorandum of Law in Support of Their Motion for Partial Summary Judgment.

        2.      In support of their motion, the Viacom Defendants cited 11 exhibits. In this motion, the Viacom Defendants seek leave to file two (2) of those exhibits,

designated as "Composite Exhibit A" and "Exhibit B" (collectively, the "Confidential Materials"), under seal.

3.      The Confidential Materials contain commercially sensitive and proprietary business information including advertising revenues and information regarding contractual arrangements with third parties.  The Confidential Materials contain similar proprietary information as the exhibits that this Court ordered filed under seal in connection with the Viacom Defendant's Motion for Summary Judgment.  [D.E. 216, 230.]

4.      Viacom Defendants will file the Confidential Materials, by hand, in a sealed envelope marked "Confidential Materials."

5.      Plaintiff has no objection to the Viacom Defendants' seeking permission to file the Confidential Materials under seal.

## MEMORANDUM OF LAW

While a common law right of access applies to substantive motions, *see Chicago Tribune Co.* v. *Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001), district courts "must balance the party's interest in keeping the information confidential against the public interest in accessing court documents."  *Horowich* v. *Diamond Aircraft Indus., Inc.*, 2007 WL 1753066, at *1 (M.D. Fla. June 16, 2007).  If good cause is shown based on the "nature and character of the information in question," a district court will seal confidential materials.  *Romero* v. *Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1315).  In determining the appropriateness of a seal, courts consider, *inter alia*, whether access to the sensitive information would "impair court functions or harm legitimate privacy interests, the

degree of and likelihood of injury if [the confidential information is] made public . . . and the availability of a less onerous alternative to sealing the documents." *Id.* "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

More specifically, this Court's Local Rule 1.09, which governs filings under seal, requires:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla. L.R. 1.09(a).

The Viacom Defendants' interest in preventing the disclosure of the Confidential Materials far outweighs the public's interest in accessing the documents. Composite Exhibit A is an excerpt (pages 40:2-4, 73:12-19, 80:23-81:2, 104:3-15, and 152:4-12) from the deposition of  Ira Sperling, MTVN's corporate representative on issues concerning advertising revenues, which was marked confidential.  The excerpt contains information regarding MTVN's contractual arrangements with advertisers. Exhibit B is an email dated June 18, 2010 from Marie-Amélie George to James Sammataro, to which is appended a spreadsheet detailing advertising revenue data gathered by MTVN especially for this litigation (and which is not kept in the ordinary course of MTVN's business).  It is necessary for the Viacom Defendants to file these two documents as exhibits to their Reply Memorandum of Law in Support of Their Motion for Partial Summary Judgment, as the exhibits offer important evidence in support of the

Viacom Defendants' arguments that the Trustee is not entitled to share in these streams of revenue, which in turn is an important issue in this case and substantially affects the scope of damages available to the Trustee.

It is appropriate to seal the Confidential Materials because they contain sensitive proprietary business information including advertising revenues and information regarding MTVN's contractual arrangements with third-party advertisers which, if released, would cause the Viacom Defendants competitive harm. "[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon* v. *Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). The release of information concerning the Viacom Defendants' contractual relationships with advertisers could significantly harm the Viacom Defendants' business relationships or affect on-going negotiations with advertisers. Similarly, release of advertising revenue data not normally maintained in the ordinary course of business would allow competitors access to the Viacom Defendants' sensitive financial information that is not normally available or even regularly maintained. Indeed, the information contained in Composite Exhibit A and Exhibit B is exactly the type of information that may appropriately be filed under seal, as demonstrated by the Court's Order granting the Viacom Defendants' motion to file similar documents under seal in connection with their Motion for Summary Judgment. [D.E. 216, 230.] *See also Preis* v. *Lexington Ins. Co.*, 2007 WL 2493676, at *2 (S.D. Ala. Aug. 30, 2007) (allowing summary judgment exhibits to be filed under seal because disclosure "could impact [defendant's] negotiations" and "create a competitive disadvantage [to defendant] as respects its negotiations").

Any means besides a seal would be unsatisfactory to preserve the confidentiality of the Confidential Materials.  Given the proprietary and sensitive nature of the Confidential Materials, a seal is the only way this Court may consider these documents in conjunction with the Viacom Defendants' Reply Memorandum of Law in Support of Their Motion for Partial Summary Judgment as well as keep them from public view.  Redaction would be insufficient, as the relevant information would be hidden from the Court's sight.  And, there are not substantial portions of the two exhibits in question that contain relevant, non-confidential information such that filing a redacted public version would be of utility to the public.  The sealing of these documents will not harm the public, but allowing them into the public domain would most certainly harm the Viacom Defendants.

Thus, in order to protect the interests of the Viacom Defendants and to adhere to the parties' Confidentiality Agreement in place in this case, the Viacom Defendants request that the Confidential Materials be maintained under seal by the Clerk's Office until the conclusion of this case and any direct appeal thereafter or until this Court rules that they should not be kept under seal.  Upon the expiration of the sealed period, Viacom Defendants respectfully requests that the filed Confidential Materials be returned to the undersigned.

WHEREFORE, the Viacom Defendants respectfully request the Court to enter an order granting:

(a)     The Viacom Defendants leave to file the Confidential Materials under seal; and

(b)     Any other relief the Court deems appropriate.

## <u>LOCAL RULE 3.01(g) GOOD FAITH CERTIFICATION</u>

Undersigned counsel hereby certifies that they conferred with counsel for

the Trustee regarding their intent to seek permission to file Composite Exhibit A and

Exhibit B in support of the Viacom Defendants' Motion for Partial Summary Judgment

under seal.  The Trustee has no objection to MTVN seeking this relief.  Undersigned

counsel further certifies that the instant motion is not being interposed for the purpose of

delay or to prejudice any of the parties to this action.

Dated:  This 15th day of July, 2011.

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York  10019-6064
Tel:  (212) 373-3000
Fax: (212) 757-3990

/s/ Leslie Gordon Fagen
Leslie Gordon Fagen
lfagen@paulweiss.com
(admitted *pro hac vice*)
Andrew G. Gordon, Esq.
agordon@paulweiss.com
(admitted *pro hac vice*)
Andrew J. Ehrlich, Esq.
aehrlich@paulweiss.com
(admitted *pro hac vice*)

**HOLLAND & KNIGHT LLP**
200 South Orange Ave.
Suite 2600
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288

Brian A. McDowell
Florida Bar No. 765521
brian.mcdowell@hklaw.com
Edward M. Fitzgerald
Florida Bar No. 0010391
edward.fitzgerald@hklaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 15, 2011, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record: James G. Sammataro, Esq., Kasowitz Benson Torres & Friedman, LLP, Four Seasons Tower, 1441 Brickell Avenue, Suite 1420, Miami, FL 33131; Daniel E. Traver, Esq., GrayRobinson, P.A., 301 E. Pine Street, Suite 1400, Orlando, FL 32801; Jonathan D. Davis, Esq., Jonathan D. Davis P.C., 99 Park Avenue, Suite 1600, New York, New York 10016.


/s/ Andrew J. Ehrlich
Andrew J. Ehrlich, Esq.